STANLEY H. BROWN, Chartered
STANLEY H. BROWN, SR.
STANLEY H. BROWN, JR.
147 East Liberty Street
Reno, Nevada  89501
(702) 322-0606

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEVADA

Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \*

| | |
|---|---|
| EUGENE GLICK, M.D., and PLANNED PARENTHOOD OF WASHOE COUNTY, a non-profit Nevada corporation, | ) CV-R-85- ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) COMPLAINT ) |
| BRIAN McKAY, Attorney General of the State of Nevada;  MILLS LANE, District Attorney of the County of Washoe, State of Nevada;  NOEL WATERS, District Attorney for Carson City, State of Nevada; MICHAEL E.  DINNING, District Attorney for the County of Churchill, State of Nevada; ROBERT J.  MILLER, District Attorney for the County of Clark, State of Nevada;  BRENT T. KOLVET, District Attorney for the County of Douglas, State of Nevada;  JAMES E.  WILSON, District Attorney for the County of Elko, State of Nevada; JERROLD COURTNEY, District Attorney for the County of Esmeralda, State of Nevada;  JOHNSON W.  LLOYD, District Attorney for the County of Eureka, State of Nevada;  VIR- GINIA SHANE, District Attorney for the County of Humboldt, State | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CV-R - 85 - 331 - ECR

-1-

LAW OFFICES
TANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

of Nevada; HY FORGERON, District Attorney for the County of Lander, State of Nevada; EILEEN BARNETT, District Attorney of the County of Lincoln, State of Nevada; WILLIAM G. ROGERS, District Attorney of the County of Lyon, State of Nevada; LARRY G. BETTIS, District Attorney of the County of Mineral, State of Nevada; ANDY DEMETRAS, District Attorney of the County of Nye, State of Nevada; RICHARD WAGNER, District Attorney of the County of Pershing, State of Nevada; TOM WRIGHT, District Attorney of the County of Storey, State of Nevada; STEVEN G. McGUIRE, District Attorney of the County of White Pine, State of Nevada,

Defendants.

COMES NOW, Plaintiffs and allege:

PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. §1983 and the United States Constitution by a physician practicing medicine in the State of Nevada, asserting his rights and the rights of his patients, and a non-profit Nevada corporation which offers family planning and related gynecological services to the general public, against certain officials of the State of Nevada responsible for the enforcement and administration of Chapter 442 of the Nevada Revised Statutes as amended by Senate Bill 510 and enacted by the 1985 Nevada Legislature.

2. NRS. Chapter 442 was amended in May, 1985, by: adding Section 2. and Section 3.; amending Section 4. (NRS. 442. 240); amending Section 5. (NRS. 442.250); amending Section 6. (NRS. 442.252); amending Section 7. (NRS. 442.253); amending Section 8. (NRS. 442.255); amending

LAW OFFICES
TANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-2-

Section 9. (NRS. 442.256); amending Section 10. (NRS. 442.260); amending Section 11. (NRS. 442.270); and, repealing Section 12. (NRS. 442.254); that said amendments, additions and deletions become effective at 12:01 a.m. July 1, 1985. NRS. §442.257 was enacted in 1981 and remains unchanged. On their face, and as applied to the Plaintiffs and their patients, the challenged Sections, which are Section 2, Chapter 442, NRS. 442. 253(e), NRS. 442.255(2)(2c)(4), as enacted by the 1985 Nevada Legislature, restrict the performance of abortion, are unclear, and subject physicians who perform abortions and facilities which refer for abortions, to uncertain regulations and criminal prosecution should they fail to comply with any of the challenged Sections in violation of their rights as secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

3. Plaintiffs seek declaratory and injunctive relief upon the ground the challenged Sections violate rights guaranteed by the Amendments to the United States Constitution enumerated in the paragraph next above.

JURISIDICTION

4. This Court has jurisdiction of this action by virtue of 28 U.S.C. §1343(3) and §1343(4), authorizing jurisdiction of claims brought under 42 U.S.C. §1983 to enforce rights guaranteed by the United States Constitution. This Court also has jurisdiction of this action pursuant to 28 U.S.C. §1331 as the claims arise under the United States Constitution. Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

LAW OFFICES
TANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-3-

## PARTIES

5.   Plaintiff EUGENE GLICK, M.D., is a citizen of the United States and resides in Nevada.  He is a physician licensed to practice medicine in the State of Nevada and is actively engaged in the practice of obstetrics and gynecology in Reno.  Dr. GLICK brings this action on his own behalf and on behalf of his pregnant women patients, among whom are married women, mature minors, emancipated minors, minors for whom it would not be in their best interests to have their parents told of their abortions, and minors with emergency health care needs.

6.   Plaintiff PLANNED PARENTHOOD OF WASHOE COUNTY, a non-profit Nevada corporation, operates a family planning clinic which provides birth control and related medical services to its patients, including pregnancy tests and pregnancy counseling.

7.   Defendant BRIAN McKAY is the Nevada State Attorney General.  As such, he is responsible for the enforcement of the challenged sections.  Unless restrained by Order of this Court, Defendant McKAY will perform his duties to ensure that the challenged Sections are enforced.

8.   Defendant MILLS LANE is the District Attorney for Washoe County, Nevada.  As such, he is responsible for the enforcement of the challenged Sections throughout Washoe County.  That unless restrained by Order of this Court, Defendant LANE will perform his duties to ensure that the challenged Sections are enforced; that the same is true of each and every District Attorney for each of the remaining sixteen (16) counties of Nevada named as Defendants hereinabove.

///

LAW OFFICES
TANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

FACTUAL ALLEGATIONS

9.  That prior to 1984, the Nevada "Abortion Act", Chapter 442 of the NRS., read as set forth in Exhibit "A", attached hereto; that in May of 1984 Judgment was entered in this Court in the matter styled EUGENE GLICK, M.D., ET AL, Plaintiffs, vs. RICHARD H. BRYAN, ET AL., Defendants, CV-R-81-150 (BRT), enjoining and restraining state officials from enforcing or implementing NRS. §§442.250(2), 442.250(3), 442.252, 442.253, 442.254, 442.255, 442.256(2), 442.256(3), 442.257 and 442.270(1).  Said statutory provisions were held to violate the Constitution of the United States.

10.  In May of 1985, the Nevada legislature, by Senate Bill 510, amended NRS. Chapter 442 in the particulars mentioned in paragraph 2., above.  The challenged Sections are Section 2., Chapter 442; NRS. 442.253(e); NRS. 442.255(2)(2c)(4).  NRS. 442. 257, which is the criminal penalty enacted in 1981, remains unchanged.  The amendments, additions and deletions become effective at 12:01 a.m., July 1, 1985, and the text, Senate Bill 510, is attached hereto as Exhibit "B".

11.  The Nevada Legislature has enacted laws regulating the provision of abortion services while at no time have laws been enacted which similarly regulate any other medical procedure.

12.  The challenged Sections restrict and deny access to abortion in the following ways:  (a) Section 2., Chapter 442, unconstitutionally fails to provide for specific rules assuring confidentiality and expedited appellate review process;  (b) NRS. 442.253(e) is unconstitutionally vague in that it fails to spe-

LAW OFFICES
STANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

cify with particularity some body of objective infomation a physician must rely on in explaining the "physical and emotional implications" of an abortion; (c) NRS. 442.255(2) unconstitutionally fails to provide a specific procedure whereby an unemancipated unmarried minor woman may gain access to the Courts for obtaining an Order authorizing an abortion, and further, it fails to guarantee legal counsel during the initial proceedings thereunder; (d) NRS. 442.2(c) unconstitutionally fails to apply the correct standards the Court should apply in determining whether an abortion is in the minor's best interest; (e) NRS. 442.255(4) unconstitutionally fails to make provision for the promulgation of specific rules assuring confidentiality of the proceedings taken thereunder and it further fails to provide for specific rules for the initiation and conduct of the proceedings thereunder; (f) that the Nevada Courts have taken no steps to implement the 1985 amendments.

13. Persons who violate any provision of NRS. 442.252 to 442.256 are guilty of a misdemeanor.

14. Upon information and belief, Defendants will seek Plaintiffs' compliance with the provisions of the challenged Sections and will cause criminal prosecutions to be instituted against Plaintiffs for their failure to comply.

15. Compliance with the challenged Sections will cause irreparable injury, for which no plain, speedy or adequate remedy at law exists, to Plaintiffs and their patients, by depriving them of rights guaranteed under the United States Constitution and by precluding access to elective and medically necessary pregnancy termination procedures in Nevada, which will increase

LAW OFFICES
TANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-6-

the physical and emotional risks attendant to the making and effectuation of the choice whether or not to carry a pregnancy to term or to have an abortion.

16. In the course of his ordinary and usual medical practice, Plaintiff doctor receives requests from pregnant patients, desiring pregnancy terminations to be performed by qualified physicians under proper medical conditions. The Plaintiff physician has among his patient populations all or some of the following: married women who do not wish to have their husbands told of their abortions, emancipated minors, mature minors, minors for whom notification of their parents would not be in their best interests and minors with emergency health care needs.

17. Plaintiff Doctor desires to give complete, safe and proper advice and treatment to his patients regarding the abortion decision. He is prevented from doing so, and restricted in his right to practice medicine consistent with his best independent medical judgment, by the challenged Sections. As a result, Plaintiff Doctor, and the patients who he seeks to represent, are suffering and will continue to suffer irreparable injury for which they have no plain, speedy or adequate remedy at law.

18. Plaintiff PLANNED PARENTHOOD OF WASHOE COUNTY desires to give complete, safe and proper advice and treatment to its patients regarding the abortion decision, to refer those patients desiring abortions to doctors providing such services, and the availability of these services. It is prevented from doing so by the challenged Sections. As a result, Plaintiff PLANNED PARENTHOOD OF WASHOE COUNTY is suffering and will con-

LAW OFFICES
STANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-7-

tinue to suffer irreparable injury for which it has no plain, speedy or adequate remedy at law.

### FIRST CLAIM FOR RELIEF
(DUE PROCESS)

19.  Plaintiffs incorporate herein by reference as though set forth in full the allegations of paragraph 1 through 18, above.

20.  The challenged Sections deprive Plaintiffs and their patients of the following liberties without due process of law in violation of the Fourteenth Amendment to the United States Constitution:

(a)  The right of a minor unemancipated and unmarried woman to freely gain access to pregnancy termination, a fundamental right of privacy protected by the First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution;

(b)  The right of physicians to give, and of women to receive, medical treatment and advice in accordance with accepted medical standards, with regard to the decision whether to terminate a pregnancy, rights guaranteed by the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution;

(c)  The right of PLANNED PARENTHOOD, Plaintiff, as a family planning clinic, because of the lack of guidelines, to refer patients to doctors and facilities providing abortion services, a right guaranteed by the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution; and

(d)  The challenged Sections are so vague and overbroad that they fail to give reasonable notice to physicians of the information which they must disseminate to their minor women patients prior to performing an abortion which must be obtained and further fail to give reasonable notice to the Plaintiffs of what conduct is proscribed

LAW OFFICES
TANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-8-

by said Sections.

## SECOND CLAIM FOR RELIEF
### (EQUAL PROTECTION)

21.   Plaintiffs incorporate herein by reference as though set forth in full the allegations of paragraphs 1 through 18, above.

22.   The challenged Sections deprive Plaintiffs and their patients of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution, in that they unreasonably single out for regulation the abortion procedure without a compelling state interest, and without regulating other, comparable meidcal procedures.

23.   The challenged Sections deprive Plaintiffs' patients of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution in that they unreasonably, and without a compelling state interest, discriminate between those pregnant married or emancipated minor women who choose to terminate their pregnancies and pregnant, unemancipated or unmarried minor women who choose to terminate their pregnancies.

## THIRD CLAIM FOR RELIEF
### (FREE SPEECH)

24.   Plaintiffs incorporate herein by reference as though set forth in full the allegations of paragraph 1 through 18, above.

25.   The challenged Sections deprive Plaintiffs of their right to freely give information to women patients desiring abortions in violation of the First Amendment to the United

LAW OFFICES
STANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

States Constitution.

### IRREPARABLE INJURY

26. As a result of the challenged Sections, Plaintiffs and the patients whom they seek to represent, will be subjected to immediate and irreparable harm, namely:

    (a) Plaintiff physician will face criminal prosecution if he does not comply with the Sections challenged herein;

    (b) Patients whose interests the Plaintiff doctor represents will be discouraged, impeded and/or prevented from obtaining abortions they desire and thus suffer physical and emotional harm;

    (c) If the Plaintiff physician does comply with the statute, his practice of medicine in accordance with his best medical judgment, and the right of his women patients to receive complete information, will be infringed upon; and,

    (d) Plaintiff PLANNED PARENTHOOD OF WASHOE COUNTY will continue to be deterred from freely dispensing information regarding abortion services, in violation of its free speech rights under the First Amendment.

WHEREFORE, Plaintiffs pray this Court:

A. Assume jurisdiction of this action;

B. Issue a temporary restraining Order, Preliminary Injunction and a permanent Injunction restraining Defendants, their employees, agents and servants from enforcing the challenged Sections of the Nevada Revised Statutes;

C. Declare the challenged Sections violative of the United States Constitution, and therefore, void and of no effect;

D. Award Plaintiffs their costs and attorneys' fees pursuant to 42 U.S.C. §1988; and

E. Enter such other and further relief as the Court

LAW OFFICES
STANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-10-

shall find just and proper.

STANLEY H. BROWN, Chartered
STANLEY H. BROWN, SR.
STANLEY H. BROWN, JR.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEVADA

BY: _____
    Stanley H. Brown, Sr.

BY: _____
    Stanley H. Brown, Jr.

Attorneys for Plaintiffs

LAW OFFICES
STANLEY H. BROWN
CHARTERED
A PROFESSIONAL CORPORATION
147 EAST LIBERTY STREET
RENO, NEVADA 89501

-11-

Case 3:85-cv-00331-ART-CSD   Document 1   Filed 06/28/85   Page 12 of 19

Exhibit A

## ABORTION

**442.240 "Abortion" defined.** As used in NRS 442.250 to 442.257, inclusive, unless the context requires otherwise, "abortion" means the termination of a human pregnancy with an intention other than to produce a live birth or to remove a dead fetus.

(Added to NRS by 1973, 1637; A 1981, 1163)

**442.250 Conditions under which abortion permitted.**
1. No abortion may be performed in this state unless the abortion is performed:
(a) By a physician licensed to practice in this state or by a physician in the employ of the government of the United States who:
(1) Exercises his best clinical judgment in the light of all attendant circumstances including the accepted professional standards of medical practice in determining whether to perform an abortion; and
(2) Performs the abortion in a manner consistent with accepted medical practices and procedures in the community.
(b) Within 24 weeks after the commencement of the pregnancy.
(c) After the 24th week of pregnancy only if the physician has reasonable cause to believe that an abortion currently is necessary to preserve the life or health of the pregnant woman.
2. All abortions must be performed in a hospital or other health and care facility licensed under chapter 449 of NRS.
3. Before performing an abortion, the physician shall enter in the permanent records of the patient the facts on which he based his best clinical judgment that there is a substantial risk that continuance of the pregnancy would endanger the life of the mother or would gravely impair the physical or mental health of the mother.

(Added to NRS by 1973, 1637; A 1975, 367; 1977, 961; 1981, 1164)

**442.252 Physician to certify informed consent, marital status, age of woman before performing abortion.** No physician may perform an abortion in this state unless, before he performs it, he certifies in writing that the woman gave her informed written consent, freely and without coercion, after the attending physician informed her of the matters required by NRS 442.253 not more than 30 days and not less than 24 hours before her consent to the abortion, unless in the judgment of the physician the abortion is necessary to avert an imminent peril to the life of the woman. The physician shall further certify in writing the

pregnant woman's marital status and age based upon proof of age offered by her. The fact that the woman was informed within the time required by this section is not prima facie evidence of informed consent.

(Added to NRS by 1981, 1162)

**442.253 Requirements for informed consent.**
1. The attending physician shall accurately and in a manner which is reasonably likely to be understood by the pregnant woman:
(a) Explain that, in his professional judgment, she is pregnant and a copy of her pregnancy test is available to her.
(b) Inform her of the number of weeks which have elapsed from the probable time of conception.
(c) Explain any known immediate and long-term physical or psychological dangers resulting from abortion including an increase in the incidence of premature births, tubal pregnancies and stillbirths.
(d) Explain the general nature and the extent of the particular risks associated with her pregnancy.
(e) Describe the medical procedure to be used.
(f) Present any alternatives to abortion including a list of public and private agencies that provide pregnant women with economic and other assistance and the services provided by each agency.
(g) Explain that if the child aborted is alive, the physician has a legal obligation to take all reasonable steps to preserve the life and health of the child.
(h) Present any other material facts which, in his professional judgment, are necessary to allow the woman to give her informed consent.
2. If the woman does not understand English, the form indicating consent must be written in a language understood by her, or the attending physician shall certify on the form that the information required to be given has been presented in such a manner as to be understandable by her. If an interpreter is used, the interpreter must be named and reference to this use must be made on the form for consent.

(Added to NRS by 1981, 1162)

**442.254  Notice to husband.**

1.  If the pregnant woman is married, the physician may not perform or induce an abortion unless he gives notice to her husband of his intention to do so at least 24 hours before the abortion if it is possible to do so.

2.  No notice need be given to the husband if the woman seeking the abortion is legally separated from her husband or has secured a judicial declaration of paternity stating that a man other than her husband is the father of the unborn child.

(Added to NRS by 1981, 1163)

**442.255  Notice to parent or guardian.**  A person shall not knowingly perform an abortion upon an unmarried and unemancipated woman who is under the age of 18 years unless he notifies a parent or guardian of the woman at least 24 hours before the abortion, if it is possible to notify the parent or guardian.

(Added to NRS by 1981, 1163)

**442.256  Records,**  A physician who performs an abortion shall maintain a record of it for at least 5 years after it is performed. The record must contain:

1.  The written consent of the woman;

2.  A statement of the information which was provided to the woman pursuant to NRS 442.253; and

3.  A description of efforts to give any notice required by NRS 442.254 or 442.255.

(Added to NRS by 1981, 1163)

**442.257  Criminal penalty.**  Any person who violates any provision of NRS 442.252 to 442.256, inclusive, is guilty of a misdemeanor.

(Added to NRS by 1981, 1163)

**442.260  Health division to adopt rules governing performance and reporting of abortions.**

1.  The health division of the state department of human resources shall adopt and enforce rules and regulations governing the conditions under and the methods by which abortions may be performed, as well as all other aspects pertaining to the performance of abortions pursuant to NRS 442.250.

2.  The health division shall adopt and enforce rules and regulations for an abortion reporting system. Such system shall be designed to preserve confidentiality of information on the identity of individual women upon whom abortions are performed. The abortion reporting system may require that the following items be reported for each abortion:

(a) Date of abortion;

(b) Place of abortion (city, county, and state);

(c) Type of facility;

(d) Place of usual residence of woman (city, county, and state);

(e) Age of woman;

(f) Ethnic group or race;

(g) Marital status;

(h) Number of previous live births;

(i) Number of previous induced abortions;

(j) Duration of pregnancy (as measured from first day of last normal menses to date of abortion, and as estimated by uterine size prior to performance of the abortion);

(k) Type of abortion procedure; and

(l) In the event a woman has had a previously induced abortion or abortions, the information in paragraphs (a) to (k), inclusive, or as much thereof as can be reasonably obtained, for each such previous abortion.

3.  The health division may provide rules and regulations to permit studies of individual abortion cases, but such studies shall not be permitted unless:

(a) Absolute assurance is provided that confidentiality of information on individuals will be preserved;

(b) Informed consent of each individual involved in the study is obtained in writing;

(c) The study is conducted according to established standards and ethics; and

(d) The study is related to health problems and has scientific merit with regard to both design and the importance of the problems to be solved.

(Added to NRS by 1973, 1638; A 1973, 1406)

**442.265  Hospitals to submit reports to state registrar of vital statistics.**  Each hospital shall submit a monthly report to the state registrar of vital statistics which contains the following information:

1.  The number of patients admitted for hospital care for a complication which resulted from an abortion;

2.  The nature of the complication by its diagnostic name; and

3.  The type of abortion.

(Added to NRS by 1981, 1941)

**442.270  Unlawful advertising; criminal, civil liability of persons performing abortion.**

1.  It is unlawful for any person, firm, partnership, association or corporation, including a hospital or other health and care facility to advertise in any manner, directly or indirectly, the availability of abortions or the cost thereof or the conditions under which abortions will be performed.

2.  Whenever an abortion procedure results in a live birth, failure to take all reasonable steps, in keeping with good medical practice, to preserve the life and health of the live born person shall subject the person performing the abortion to Nevada laws governing criminal liability and civil liability for wrongful death and medical malpractice.

(Added to NRS by 1973, 1639; A 1975, 368)

The next page is 17041

Exhibit B

(REPRINTED WITH ADOPTED AMENDMENTS)

FIRST REPRINT                     **S. B. 510**

SENATE BILL No. 510—SENATOR RAWSON

MAY 27, 1985

———o———

Referred to Committee on Finance

SUMMARY—Makes various changes in provisions regulating abortion. (BDR 40-824)

FISCAL NOTE:    Effect on Local Government:  No.
                Effect on the State or on Industrial Insurance. Contains
                Appropriation.



EXPLANATION—Matter in *italics* is new; matter in brackets [ ] is material to be omitted.

AN ACT relating to abortions; making various changes in the provisions regulating abortions; making an appropriation to the attorney general for litigation; and providing other matters properly relating thereto.

THE PEOPLE OF THE STATE OF NEVADA, REPRESENTED IN SENATE AND ASSEMBLY, DO ENACT AS FOLLOWS:

Section 1. Chapter 442 of NRS is hereby amended by adding thereto the provisions set forth as sections 2 and 3 of this act.

Sec. 2. *1. If the order is denied pursuant to NRS 442.255, the court shall, upon request by the minor if it appears that she is unable to employ counsel, appoint an attorney to represent her in the preparation of a petition, a hearing on the merits of the petition, and on an appeal, if necessary. The compensation and expenses of the attorney are a charge against the county as provided in the following schedule:*

*(a) For consultation, research and other time reasonably spent on the matter, except court appearances, $20 per hour.*

*(b) For court appearances, $30 per hour.*

*2. The petition must set forth the initials of the minor, the age of the minor, the estimated number of weeks elapsed from the probable time of conception, and whether maturity, emancipation, notification detrimental to the minor's best interests or a combination thereof are relied upon in avoidance of the notification required by NRS 442.255. The petition must be initialed by the minor.*

*3. A hearing on the merits of the petition, on the record, must be*

SB-510

5-27-95

— 2 —

held as soon as possible and within 5 judicial days after the filing of the petition. At the hearing the court shall hear evidence relating to:

(a) The minor's emotional development, maturity, intellect and understanding;

(b) The minor's degree of financial independence and degree of emancipation from parental authority;

(c) The minor's best interests relative to parental involvement in the decision whether to undergo an abortion; and

(d) Any other evidence that the court may find useful in determining whether the minor is entitled to avoid parental notification.

4. In the decree, the court shall, for good cause:

(a) Grant the petition, and give judicial authorization to permit a physician to perform an abortion without the notification required in NRS 442.255; or

(b) Deny the petition, setting forth the grounds on which the petition is denied.

5. An appeal from an order issued under subsection 4 may be taken to the supreme court, which shall suspend the Nevada Rules of Appellate Procedure pursuant to N.R.A.P. 2 to provide for an expedited appeal. The notice of intent to appeal must be given within 1 judicial day after the issuance of the order. The record on appeal must be perfected within 5 judicial days after the filing of the notice of appeal and transmitted to the supreme court. The court, shall, by court order or rule, provide for a confidential and expedited appellate review of cases appealed under this section.

Sec. 3.  If an abortion is judicially authorized and the provisions of NRS 442.240 to 442.270, inclusive, and sections 2 and 3 of this act are complied with, an action by the parents or guardian of the minor against persons performing the abortion is barred. This civil immunity extends to the performance of the abortion and any necessary accompanying services which are performed in a competent manner. The costs of the action, if brought, must be borne by the parties respectively.

Sec. 4.  NRS 442.240 is hereby amended to read as follows:

442.240  As used in NRS 442.250 to [442.257,] 442.270, inclusive, and sections 2 and 3 of this act, unless the context requires otherwise, "abortion" means the termination of a human pregnancy with an intention other than to produce [a live birth] the birth of an infant capable of sustained survival by natural or artificial supportive systems or to remove a dead fetus.

Sec. 5.  NRS 442.250 is hereby amended to read as follows:

442.250   1.  No abortion may be performed in this state unless the abortion is performed:

(a) By a physician licensed to practice in this state or by a physician in the employ of the government of the United States who:

(1) Exercises his best clinical judgment in the light of all attendant

SB 610

— 3 —

5-27-85

circumstances including the accepted professional standards of medical practice in determining whether to perform an abortion; and

(2) Performs the abortion in a manner consistent with accepted medical practices and procedures in the community.

(b) Within 24 weeks after the commencement of the pregnancy.

(c) After the 24th week of pregnancy only if the physician has reasonable cause to believe that an abortion currently is necessary to preserve the life or health of the pregnant woman.

2. *All abortions* performed after the 24th week of pregnancy or performed when, in the judgment of the attending physician, there is a reasonable likelihood of the sustained survival of the fetus outside of the womb by natural or artificial supportive systems must be performed in a hospital [or other health and care facility] licensed under chapter 449 of NRS.

3. Before performing an abortion [, the] *pursuant to subsection 2, the attending* physician shall enter in the permanent records of the patient the facts on which he based his best clinical judgment that there is a substantial risk that continuance of the pregnancy would endanger the life of the [mother] *patient* or would gravely impair the physical or mental health of the [mother.] *patient.*

Sec. 6.   NRS 442.252 is hereby amended to read as follows:

442.252   No physician may perform an abortion in this state unless, before he performs it, he certifies in writing that the woman gave her informed written consent, freely and without coercion . [, after the attending physician informed her of the matters required by NRS 442.253 not more than 30 days and not less than 24 hours before her consent to the abortion, unless in the judgment of the physician the abortion is necessary to avert an imminent peril to the life of the woman.] The physician shall further certify in writing the pregnant woman's marital status and age based upon proof of age offered by her. [The fact that the woman was informed within the time required by this section is not prima facie evidence of informed consent.]

Sec. 7.   NRS 442.253 is hereby amended to read as follows:

442.253   1.   The attending physician *or a person meeting the qualifications established by regulations adopted by the health division* shall accurately and in a manner which is reasonably likely to be understood by the pregnant woman:

(a) Explain that, in his professional judgment, she is pregnant and a copy of her pregnancy test is available to her.

(b) Inform her of the number of weeks which have elapsed from the probable time of conception.

(c) [Explain any known immediate and long-term physical or psychological dangers resulting from abortion including an increase in the incidence of premature births, tubal pregnancies and stillbirths.

(d) Explain the general nature and the extent of the particular risks associated with her pregnancy.

SBS10
5-27-85

(e)] *Explain the physical and emotional implications of having the abortion.*

(d) Describe the medical procedure to be used [.

(f) Present any alternatives to abortion including a list of public and private agencies that provide pregnant women with economic and other assistance and the services provided by each agency.

(g) Explain that if the child aborted is alive, the physician has a legal obligation to take all reasonable steps to preserve the life and health of the child.

(h) Present any other material facts] , *its consequences and the proper procedures for her care after the abortion.*

2. *The attending physician shall verify that all material facts and information which, in his professional judgment, are necessary to allow the woman to give her informed consent* [.

2.] *have been provided to her and that her consent is informed.*

3. *If the woman does not understand English, the form indicating consent must be written in a language understood by her, or the attending physician shall certify on the form that the information required to be given has been presented in such a manner as to be understandable by her. If an interpreter is used, the interpreter must be named and reference to this use must be made on the form for consent.*

Sec. 8. NRS 442.255 is hereby amended to read as follows:

442.255 [A person] 1. *Unless in the judgment of the attending physician an abortion is immediately necessary to preserve the patient's life or health or an abortion is authorized pursuant to subsection 2, or section 1 of this act, a physician* shall not knowingly perform *or induce* an abortion upon an unmarried and unemancipated woman who is under the age of 18 years unless [he notifies] a *custodial* parent or guardian of the woman [at least 24 hours] *is personally notified before* the abortion . [. if it is possible to notify the parent or guardian.] *If the custodial parent or guardian cannot be so notified after a reasonable effort, the physician shall delay performing the abortion until he has notified the parent or guardian by certified mail at his last known address.*

2. *An unmarried or unemancipated woman who is under the age of 18 years may request a district court to issue an order authorizing an abortion. If so requested, the court shall interview the woman at the earliest practicable time, which must be not more than 2 judicial days after the request is made. If the court determines, from any information provided by the woman and any other evidence that the court may require, that:*

(a) *She is mature enough to make an intelligent and informed decision concerning the abortion;*

(b) *She is financially independent or is emancipated; or*

SB 510
— 5 —
5-27-85

*(c) The notice required by subsection 1 would be detrimental to her best interests,* the court shall issue an order within 1 judicial day after the interview authorizing a physician to perform the abortion in accordance with the provisions of NRS 442.240 to 442.270, inclusive, and sections 2 and 3 of this act.

3. If the court does not find sufficient grounds to authorize a physician to perform the abortion, it shall enter an order to that effect within 1 judicial day after the interview. If the court does not enter an order either authorizing or denying the performance of the abortion within 1 judicial day after the interview, authorization shall be deemed to have been granted.

4. The court shall take the necessary steps to ensure that the interview and any other proceedings held pursuant to this subsection or section 1 of this act are confidential. The rules of civil procedure do not apply to any action taken pursuant to this subsection.

Sec. 9.   NRS 442.256 is hereby amended to read as follows:

442.256  A physician who performs an abortion shall maintain a record of it for at least 5 years after it is performed. The record must contain:

1.   The written consent of the woman;

2.   A statement of the information which was provided to the woman pursuant to NRS 442.253; and

3.   A description of efforts to give any notice required by NRS [442.254 or] 442.255.

Sec. 10.   NRS 442.260 is hereby amended to read as follows:

442.260   1.   The health division [of the state department of human resources] shall adopt and enforce [rules and] regulations governing the conditions under and the methods by which abortions may be performed, *the reasonable minimum qualifications of a person authorized to provide the information required in NRS 442.253,* as well as all other aspects pertaining to the performance of abortions pursuant to NRS 442.250.

2.   The health division shall adopt and enforce [rules and] regulations for [an abortion reporting system. Such system shall] *a system for reporting abortions. This system must* be designed to preserve confidentiality of information on the identity of [individual] women upon whom abortions are performed. The [abortion reporting system] *health division* may require that the following items be reported for each abortion:

(a) [Date of] *The date of* the abortion;

(b) [Place of abortion (] *The place of the abortion including the* city, county [,] and state [)];

(c) Type] ;

*(c) The type* of facility;

SB 516
5·27-85

— 6 —

(d) [Place of] *The* usual residence of [woman (] *the woman, including the* city, county [,] and state [);

(e) Age of woman:

(f) Ethnic] :

*(e) Her age;*

*(f) Her ethnic* group or race:

(g) [Marital] *Her marital* status:

(h) [Number] *The number* of previous live births;

(i) [Number] *The number* of previous induced abortions:

(j) [Duration of pregnancy (] *The duration of her pregnancy,* as measured from first day of last normal menses to date of abortion, and as estimated by uterine size prior to performance of the abortion [);

(k) Type] ;

*(k) The type* of abortion procedure; and

(l) [In the event] *If* a woman has had a previously induced abortion , [or abortions,] the information in paragraphs (a) to (k), inclusive, or as much thereof as can be reasonably obtained, for each [such] previous abortion.

3. The health division may [provide rules and] *adopt* regulations to permit studies of individual [abortion cases, but such studies shall] *cases of abortion, but these studies must* not be permitted unless:

(a) Absolute assurance is provided that confidentiality of information on [individuals] *the persons involved* will be preserved;

(b) Informed consent of each [individual] *person* involved in the study is obtained in writing;

(c) The study is conducted according to established standards and ethics; and

(d) The study is related to [health] problems *of health* and has scientific merit with regard to both design and the importance of the problems to be solved.

Sec. 11.  NRS 442.270 is hereby amended to read as follows:

442.270  [1. It is unlawful for any person, firm, partnership, association or corporation, including a hospital or other health and care facility to advertise in any manner, directly or indirectly, the availability of abortions or the cost thereof or the conditions under which abortions will be performed.

2.] Whenever an abortion [procedure] results in [a live birth,] *the birth of an infant capable of sustained survival by natural or artifical supportive systems, the* failure to take all reasonable steps, in keeping with good medical practice, to preserve the life and health of the [live born person shall subject] *infant subjects* the person performing the abortion to [Nevada laws] *the laws of this state* governing criminal liability and civil liability for wrongful death and medical malpractice.

Sec. 12.  NRS 442.254 is hereby repealed.

⑳