**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EUGENE GLICK, M.D., and PLANNED
PARENTHOOD OF WASHOE COUNTY,
*Plaintiffs-Appellees,*

v.

BRIAN McKAY, Attorney General
of the State of Nevada, et al.,
*Defendants-Appellants.*

No. 85-2335

D.C. No.
CV-R-85-331-ECR

ORDER AND
OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Argued and Submitted
March 13, 1986—San Francisco, California
Submission Vacated April 15, 1986
Resubmitted June 19, 1986
Submission Vacated March 9, 1987
Resubmitted June 20, 1991

Order and Opinion Filed June 21, 1991

Before: Alfred T. Goodwin and Melvin Brunetti, Circuit
Judges, and Alicemarie H. Stotler,* District Judge.

Opinion by Judge Brunetti

---

*Honorable Alicemarie H. Stotler, United States District Judge for the
Central District of California, sitting by designation.

## SUMMARY

### Constitutional Law

Affirming a district court grant of a preliminary injunction, the court of appeals held that a Nevada abortion statute's parental notification bypass procedure was unconstitutional because it failed to meet the requirements for a consent statute bypass and the expediency requirement for a notice statute bypass.

A physician, and a non-profit family planning clinic challenged the constitutionality of a state statute requiring that an attending physician performing an abortion explain the physical and emotional implications of the procedure; the requirement of parental notification or court authorization before an abortion upon an unemancipated minor; the appeal procedure when such court authorization is denied; and criminal penalties. Appellant Brian McKay is the Attorney General of the State of Nevada. On motion for preliminary injunction, the district court held that the explanation requirement was constitutional, but that the parental notification requirement, the appeal procedure, and the criminal penalty provision of the statute would be preliminarily enjoined. The Nevada parental notification statute specifically provided a bypass judicial procedure.

[1] In *Akron II* the Supreme Court held that a bypass procedure that would suffice as a consent statute will suffice as a notice statute. [2] Here, the Nevada bypass procedure, both at the initial judicial interview and at the petition hearing, specifically allowed the minor to show her maturity and informed status. Thus, under *Akron II,* the Nevada statute met the first *Bellotti* criterion. [3] However, the statute impermissibly narrowed the *Bellotti* "best interests" criterion, and was unconstitutional. Rather than requiring the reviewing court to consider the minor's "best interests" generally, the statute required the

consideration of "best interests" only with respect to the possible consequences of parental notification.

[4] The Nevada bypass procedure, at the initial judicial interview and the state district court petition hearing, sufficiently ensured the minor's confidentiality. [5] Thus, the court held that NRS 442.2555(5), as implemented by Nevada Supreme Court order, met the constitutional confidentiality requirements of *Bellotti.* [6] However, although the Nevada bypass procedure also specifically provided short time periods to ensure that the abortion procedure is conducted with expediency at almost every level of the bypass procedure, it did not contain any time period within which the state district court must rule upon a minor's petition under NRS 442.2555. Thus, the state district court review procedure did not meet the *Bellotti* expediency criterion. [7] In addition, the Nevada Supreme Court adopted an appeal expediency procedure which was constitutionally sufficient. [8] However, because the Nevada statute did not require that the district court conduct its petition review with expediency to allow a minor an effective opportunity to obtain an abortion, the court held that it was unconstitutional and did not suffice for a consent statute.

[9] The Supreme Court has repeatedly espoused the importance of expediency in the abortion context. [10] Because time is such a critical factor, relating both to a woman's health and the exercise of her constitutional right to an abortion, the court concluded that the Nevada bypass procedure, which does not contain a time period within which the state district court must rule on a minor's petition and thus could delay her right to implement the bypass procedure, possibly indefinitely, did not sufficiently protect a pregnant minor's constitutional right to an abortion. Because the court found that the Nevada bypass procedure failed to meet the requirements for a consent statute bypass, and also did not meet the expediency requirement for a notice statute bypass, the district court properly enjoined the statute in question.

## COUNSEL

Ellen F. Whittemore, Deputy Attorney General, Las Vegas, Nevada, for the defendants-appellants.

Stanley H. Brown, Jr., Stanley H. Brown, Chartered, Reno, Nevada, for the plaintiffs-appellees.

## ORDER

This case is resubmitted for decision on June 20, 1991.

## OPINION

BRUNETTI, Circuit Judge:

Plaintiffs-appellees Dr. Eugene Glick, a physician, and Planned Parenthood of Washoe County, a non-profit family planning clinic, challenged the constitutionality of Nevada Revised Statute (NRS) 442.253(1)(c), which requires that an attending physician performing an abortion explain the physical and emotional implications of having an abortion to the woman; NRS 442.255, which requires parental notification or court authorization before a physician may perform an abortion upon an unemancipated minor; NRS 442.2555, which provides an appeal procedure when such court authorization has been denied; and NRS 442.257, which provides for criminal penalties for the violation of NRS 442.253(1)(c) and NRS 442.255. Appellees sought declaratory and injunctive relief pursuant to the Constitution and 42 U.S.C. § 1983. Defendants-appellants are the Attorney General of the State of Nevada and Nevada's seventeen District Attorneys, the state and local officials charged with enforcing the challenged statute.

On motion for preliminary injunction, the district court held that the explanation requirement was constitutional, but that the parental notification requirement (NRS 442.255), the appeal procedure (NRS 442.2555), and the criminal penalty provision (NRS 442.257) would be preliminarily enjoined. *Glick v. McKay,* 616 F. Supp. 322 (D. Nev. 1985). Defendants appeal the court's preliminary injunction order. After briefing and argument, we withheld judgment pending the decision of the United States Supreme Court in *Thornburgh v. American College of Obstetricians & Gynecologists,* 476 U.S. 747 (1986), *Zbaraz v. Hartigan,* 484 U.S. 171 (1987), *Hodgson v. Minnesota,* 110 S. Ct. 2926 (1990), and *Ohio v. Akron Center for Reproductive Health,* 110 S. Ct. 2972 (1990) (*Akron II*), which had been accepted for review. We now affirm.

### I.

A district court's order regarding preliminary injunctive relief is subject to limited review. The grant of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. *Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott,* 869 F.2d 1306, 1309 (9th Cir. 1989). However, the interpretation of a statute is a question of law that we review de novo. *See, e.g., IMEL v. Laborer's Pension Trust Fund for No. Calif.,* 904 F.2d 1327, 1330 (9th Cir. 1990). This is true, as well, for questions of law underlying the issuance of a preliminary injunction. *Guam Fresh, Inc. v. A.D.A.,* 849 F.2d 436, 437 (9th Cir. 1988). Accordingly, although this appeal arises from a ruling on a motion for a preliminary injunction, important constitutional issues are at stake and the customary discretion accorded to a district court's ruling on a preliminary injunction yields to our plenary scope of review as to the applicable law. *See Thornburgh,* 476 U.S. at 757 ("if a district court's ruling rests solely on a premise as to the applicable rule of law, and the facts are established or of no controlling relevance, that ruling may be reviewed even

though the appeal is from the entry of a preliminary injunction").

## II.

Appellants first argue that because the Nevada parental notification requirement does not permit parents to veto their minor daughter's decision to have an abortion, unlike a consent requirement, the threat of an absolute veto is arguably absent. Therefore, they contend that a judicial or other procedure for bypassing the parental notification requirement is not constitutionally required.

[1] In *Akron II* the Supreme Court specifically left this question open, as it found that the Ohio parental notification statute at issue satisfied the requirements identified for parental consent statutes in *Planned Parenthood Association of Central Missouri v. Danforth,* 428 U.S. 52 (1976), *Bellotti v. Baird,* 443 U.S. 622 (1979) (plurality opinion), *Planned Parenthood Association of Kansas City, Mo., Inc. v. Ashcroft,* 462 U.S. 476 (1983), and *Akron v. Akron Center for Reproductive Health, Inc.,* 462 U.S. 416 (1983) (*Akron I*). *See Akron II,* 110 S. Ct. at 2979. Though we hold *infra* that the Nevada statute does not similarly satisfy the requirements for a parental consent statute, we need not address whether such a judicial or other bypass procedure is constitutionally required.

Appellees attack only the adequacy of the judicial bypass, not the lack of it. Because the Nevada parental notification statute contains a bypass procedure, we must address the constitutional adequacy of the procedure, but we are constrained from addressing the constitutional necessity of such a procedure.

## III.

The Nevada parental notification statute specifically provides a bypass procedure. *See* NRS 442.255 and 442.2555.

Appellants argue that this procedure is constitutionally sufficient.

In *Akron II* the Supreme Court held that a bypass procedure that would suffice as a consent statute will suffice as a notice statute. *Akron II,* 110 S. Ct. at 2979. The Court found that the Ohio parental notification statute at issue was constitutional, as it satisfied the four consent statute criteria established in *Bellotti. Id.* at 2979-81. We first consider whether the Nevada bypass procedure satisfies the *Bellotti* criteria.

The four *Bellotti* criteria applied in *Akron II* are:

1. The procedure must allow the minor to show that she possesses the maturity and information to make her abortion decision, in consultation with her physician, without regard to her parents' wishes;

2. the procedure must allow the minor to show that, even if she cannot make the abortion decision by herself, the desired abortion would be in her best interests;

3. the procedure must ensure the minor's anonymity; and

4. the courts must conduct a bypass procedure with expediency to allow the minor an effective opportunity to obtain the abortion.

*Id.* at 2979-80 (citing *Bellotti,* 443 U.S. at 643-44).

## A.

The Nevada parental notification statute[1] provides a multi-

---

[1] NRS 442.255 and 442.2555 are reproduced in the appendix following this opinion.

tiered judicial bypass procedure. The minor must originally request a state district court to issue an order authorizing the abortion. NRS 442.255(2). The court then must interview the minor within two judicial days. *Id.*[2] If the court determines at the interview, from any information provided by the minor and any other evidence that the court may require, that either (1) the minor is mature enough to make an intelligent and informed decision concerning the abortion, (2) the minor is emancipated, or (3) parental notification would be detrimental to her best interests, the court must issue an order within one judicial day following the interview authorizing a physician to perform the abortion. *Id.* If the court does not find sufficient grounds to justify authorization, it must issue an order denying authorization within one judicial day after the interview; if no order is issued within one judicial day, authorization is deemed granted. NRS 442.255(3).[3] Throughout these proceedings, the court must take the necessary steps to ensure confidentiality. NRS 442.255(4).

If the district court denies authorization pursuant to NRS

---

[2]Appellees argue that the statute is constitutionally deficient because it fails to set forth a specific procedure for a minor to arrange a judicial interview. Such a specific procedure is not constitutionally required. Under *Akron II,* a minor must be afforded only the *opportunity* to prove her case: "Even on the assumption that the . . . pleading scheme could produce some initial confusion . . . the simple and straightforward procedure does not deprive the minor of an opportunity to prove her case." *Akron II,* 110 S. Ct. at 2982 (discussing Ohio's formalized pleading requirements). The Nevada bypass procedure provides such an opportunity to a minor, both at the judicial interview and at the petition hearing. *See* NRS 442.255(2), 442.2555(3).

[3]Appellees challenge this "constructive authorization" provision. However, in *Akron II* the Supreme Court specifically ruled that such a provision did not violate the Constitution: "Absent a demonstrated pattern of abuse or defiance, a State may expect that its judges will follow mandated procedural requirements. . . . With an abundance of caution, and concern for the minor's interests, [the state] added the constructive authorization provision . . . to ensure expedition of the bypass procedures even if those time limits are not met." *Akron II,* 110 S. Ct. at 2981.

442.255(3), the minor, with appointed counsel if necessary, may file a petition in the state district court for a hearing. NRS 442.2555(1). The petition must set forth the minor's initials, her age, the elapsed number of weeks since probable conception, and whether maturity, emancipation, notification detrimental to the minor's best interests, or a combination thereof is relied upon in requesting authorization. NRS 442.2555(2). The court must hold a hearing on the merits of the petition within five judicial days after its filing. NRS 442.2555(3). At the hearing, the court will hear evidence relating to the minor's emotional development, maturity, intellect, understanding, degree of financial independence and emancipation from parental authority, best interests relative to parental involvement in the decision whether to have an abortion, and any other evidence the court finds useful. *Id.* The court then enters a decree either granting the petition to authorize a physician to perform an abortion without parental notification, or denying the petition, setting forth the grounds for denial. NRS 442.2555(4). The statute imposes no deadline for issuing this decree. Throughout these proceedings the court must take necessary steps to ensure confidentiality. NRS 442.255(4).

Finally, if the petition is denied, the minor may appeal the denial to the Nevada Supreme Court. NRS 442.2555(5). The notice of intent to appeal must be made within one judicial day and the record on appeal must be perfected within five judicial days after the filing of the notice. *Id.* The statute requires that the Nevada Supreme Court, by rule or order, provide for a confidential and expedited review of the case. *Id.* On April 30, 1991, the Nevada Supreme Court filed an order which states:

> Pursuant to the legislative directive set forth in NRS 442.2555(5); IT IS HEREBY ORDERED that any appeals taken pursuant to NRS 442.2555(5) shall be confidential and submitted to the court for expedited review.

### B.

#### 1.

A judicial bypass procedure first must allow the minor "to show that she possesses the maturity and information to make the abortion decision, in consultation with her physician, without regard to her parents' wishes." *Akron II,* 110 S. Ct. at 2979 (citing *Bellotti,* 443 U.S. at 643). In *Akron II* the Court held that the Ohio parental notification statute satisfied this criterion, as it specifically permitted the minor to show that she " 'is sufficiently mature and well enough informed to decide intelligently whether to have an abortion.' " *Id.* (quoting Ohio Rev. Code Ann. § 2151.85(C)(1) (Supp. 1988).

[2] The Nevada bypass procedure, both at the initial judicial interview and at the petition hearing, also specifically allows the minor to show her maturity and informed status. *See* NRS 442.255(2)(a) (at the interview, if, from information provided by minor, the court determines that "[s]he is mature enough to make an intelligent and informed decision concerning the abortion," the court shall authorize a physician to perform the abortion); NRS 442.2555(3)(a) (at the hearing the court shall hear evidence relating to "[t]he minor's emotional development, maturity, intellect and understanding"). Under *Akron II,* the Nevada statute meets the first *Bellotti* criterion.

#### 2.

Second, a bypass procedure must allow the minor to show that even if she cannot make the decision herself, the desired abortion would be in her best interests. *Akron II,* 110 S. Ct. at 2979 (citing *Bellotti,* 443 U.S. at 644). In *Akron II* the Court held that the Ohio statute satisfied this criterion, as it specifically required the court "to authorize the minor's consent where the court determines that the abortion is in the minor's best interest and in cases where the minor has shown a pattern

of physical, sexual or emotional abuse." *Id.* (citing Ohio Rev. Code Ann. § 2151.85(C)(2) (Supp. 1988)).

The Nevada bypass procedure, both at the initial judicial interview and at the petition hearing, allows the minor to show that *parental notification* would not be in her best interests, and requires the court to authorize the abortion in such instances. *See* NRS 442.255(2)(c) (at the interview, if, from information provided by minor, "[t]he [parental] notice required by subsection 1 would be detrimental to her best interests," the court shall authorize a physician to perform the abortion) (emphasis added); NRS 442.2555(3)(c) (at the hearing the court shall hear evidence relating to "[t]he minor's best interest *relative to parental involvement* in the decision whether to undergo an abortion") (emphasis added).

[3] The language of these provisions does not meet the requirement of *Bellotti.* Rather than requiring the reviewing court to consider the minor's "best interests" generally, the Nevada statute requires the consideration of "best interests" only with respect to the possible consequences of parental notification. The best interests of a minor female in obtaining an abortion may encompass far more than her interests in not notifying a parent of the abortion decision. Furthermore, in *Bellotti,* the court expressly stated, "[i]f, *all things considered,* the court determines that an abortion is in the minor's best interests, she is entitled to court authorization without any parental involvement." *Bellotti,* 443 U.S. at 648 (emphasis added). Therefore, the Nevada statute impermissibly narrows the *Bellotti* "best interests" criterion, and is unconstitutional.

#### 3.

Third, the bypass procedure must ensure the minor's anonymity. *Akron II,* 110 S. Ct. at 2979 (citing *Bellotti,* 443 U.S. at 644). In *Akron II* the Court held that the Ohio statute satisfied this criterion.

Section 2151.85(D) provides that "[t]he [juvenile] court shall not notify the parents, guardian, or custodian of the complainant that she is pregnant or that she wants to have an abortion." Section 2151.85(F) further states: "Each hearing under this section shall be conducted in a manner that will preserve the anonymity of the complainant. The complaint and all other papers and records that pertain to an action commenced under this section shall be kept confidential and are not public records." Section 2505.073(B), in a similar fashion, requires the court of appeals to preserve the minor's anonymity and confidentiality of all papers on appeal. The State, in addition, makes it a criminal offense for an employee to disclose documents not designated as public records.

110 S. Ct. at 2979.

Neither complete anonymity nor any specific procedure for ensuring confidentiality is required.

Confidentiality differs from anonymity, but we do not believe that the distinction has constitutional significance in the present context. The distinction has not played a part in our previous decisions, and, even if the *Bellotti* plurality is taken as setting the standard, we do not find complete anonymity critical. [The Ohio statute], like the statutes in *Bellotti* and *Ashcroft,* takes reasonable steps to prevent the public from learning of the minor's identity.

*Id.* at 2980.

[4] The Nevada bypass procedure, at the initial judicial interview and the state district court petition hearing, sufficiently ensures the minor's confidentiality. *See* NRS 442.255(4) ("The court shall take the necessary steps to

ensure the interview and any other proceedings held pursuant to this subsection or NRS 442.2555 are confidential. The rules of civil procedure do not apply to any action taken pursuant to this subsection.").

Nevada's provision of "necessary steps" meets the "reasonable steps" standard of *Akron II*. The provision making the rules of civil procedure inapplicable in such proceedings will adequately protect the anonymity and confidentiality of pregnant minors. Following the lead of the Supreme Court, we refuse to base our decision on the facial validity of this provision requiring the courts to provide confidentiality on the mere possibility that the courts may illegally fail to do so. *Akron II,* 110 S. Ct. at 2980. NRS 442.255(4) meets the *Bellotti* confidentiality prong.

Appellees argue that the statute is not constitutionally sufficient because it requires the use of the minor's initials on the petition. *See* NRS 442.2555(2). The Supreme Court held in *Ashcroft* that the judicial bypass in question there assured the confidentiality of a female minor, despite requiring that the minor "file a petition setting forth [her] initials." 462 U.S. at 479 n.4, 491 n.16. Therefore, the Nevada statute meets the *Bellotti* confidentiality requirement as to NRS 442.2555(2).

[5] The Nevada Supreme Court's April 30, 1991, order provides that "any appeals taken pursuant to NRS 442.2555(5) shall be confidential." In *Akron II,* the court upheld the confidentiality provision of an Ohio statute which provided as follows:

All proceedings [on appeal] shall be conducted in a manner that will preserve the anonymity of the appellant on appeal. All papers and records that pertain to an appeal under this section shall be confidential and not public records. . . .

The Nevada Supreme Court's order, like NRS 442.255(4), meets the *Akron II* "reasonable steps" requirement. We

believe that the court's order, now implemented, will be followed and enforced. Therefore, we hold that NRS 442.2555(5), as implemented by Supreme Court order, meets the constitutional confidentiality requirements of *Bellotti*.

4.

Fourth, the bypass procedure must be conducted with expediency. *Akron II,* 110 S. Ct. at 2980 (citing *Bellotti,* 443 U.S. at 644). In *Akron II* the Ohio statute specifically required that the trial court rule within five business days of the filing of the complaint, that the court of appeals docket an appeal within four days after the filing of a notice of appeal, and that the court of appeals render a decision within five days after docketing. *Id.* (citing Ohio Rev. Code Ann. §§ 2151.85(B)(1), 2505.073(A) (Supp. 1988)). The court held that the Ohio statute satisfied the expediency criterion, dismissing the argument that, under the provisions relating to the court of appeals, days referred to "business days" and thus the procedure could, in a worst-case analysis, take up to twenty-two calendar days. *Id.* at 2980-81.

[6] The Nevada bypass procedure also specifically provides short time periods to ensure that the procedure is conducted with expediency at almost every level of the bypass procedure. *See* NRS 442.255(2) (court must interview minor within two judicial days of request); NRS 442.255(2), NRS 442.255(3) (court must issue order granting or denying authorization within one judicial day of interview; if order not issued, authorization deemed granted); NRS 442.2555(3) (court must hold hearing on merits of petition within five judicial days of filing). However, the statute does not contain *any* time period within which the state district court must rule upon a minor's petition under NRS 442.2555.

Appellants argue that the Nevada statute is similar to the Missouri statute that was upheld as constitutional in *Ashcroft.* Appellants fail, however, to support their argument with evi-

dence that the Missouri statute did not impose a time constraint on the district court's review of a minor's petition. In fact, the only mention of expediency in *Ashcroft* comes in the context of discussing the conditions and requirements of appellate review. The Nevada statute does not require the state district court to conduct its review of a minor's petition with expediency. In contrast to the interview and authorization procedure provided in NRS 442.255, the review procedure in NRS 442.2555 places no time limit on the period during which the district court may review the minor's petition, and the petition cannot be deemed granted if the district court fails to act within a given time period. Under the statute the district court could thus delay the bypass procedure indefinitely.[4] The district court review procedure does not meet the *Bellotti* expediency criterion.

Appellees argue that the statute is also constitutionally deficient because the bypass procedure does not require the Nevada Supreme Court to hear or rule on appeals within specific time periods, instead providing that "[t]he court shall, by court order or rule, provide for . . . expedited appellate review of cases appealed under this section." *See* NRS 442.2555(5).

[7] *Ashcroft* applies to this provision, as it expressly requires expedited appellate review. 462 U.S. at 491 n.16. The Nevada statute's appellate review procedure "provides the

---

[4] We acknowledge that the Supreme Court in *Akron II* did caution against invalidating a notification statute on a facial challenge based upon a worst-case analysis that may never occur. *See Akron II,* 110 S. Ct. at 2981. However, in *Akron II* the Court was considering a bypass procedure with a maximum time of twenty-two days, which the Court compared favorably with the seventeen-day period it upheld in *Ashcroft,* 462 U.S. at 477, n.4, 491 n.16. *See Akron II,* 110 S. Ct. at 2981.

While a seventeen or twenty-two day bypass procedure period satisfies the *Bellotti* requirement that the courts must conduct a bypass procedure with expediency to allow the minor an effective opportunity to obtain an abortion, an indefinite period does not. *See Akron II,* 110 S. Ct. at 2980; *Bellotti,* 443 U.S. at 644.

framework for a constitutionally sufficient means of expediting judicial proceedings. . . . There is no reason to believe that [the state] will not expedite any appeal consistent with the mandate in our prior opinions." *Id.* Further, the Nevada Supreme Court's order which requires that appeals be "submitted to the court for expedited resolution" sufficiently ensures that expediency in the appeals procedure will be guaranteed to pregnant minors. Therefore, the Nevada Supreme Court expediency procedure is constitutionally sufficient.

[8] However, because the Nevada statute does not require that the district court conduct its petition review with expediency to allow a minor an effective opportunity to obtain an abortion, we hold that the Nevada statute does not constitutionally satisfy the fourth *Bellotti* criterion and therefore does not suffice for a consent statute. *See Bellotti,* 443 U.S. at 644, *Akron II,* 110 S. Ct. at 2980.

### C.

As noted *supra* at 5, the Court in *Akron II* found that because of "the greater intrusiveness of consent statues . . . a bypass procedure that will suffice for a consent statute will suffice for a notice statute." *See Akron II,* 110 S. Ct. at 2979. Because we hold that the Nevada bypass procedure does not meet the constitutional requirements of a consent statute, we must consider whether it meets the requirements of the less intrusive notification statute. *See generally, Matheson,* 450 U.S. at 41 n.17 ("we expressly declined to equate notice requirements with consent requirements").

[9] The Supreme Court has repeatedly espoused the importance of expediency in the abortion context. *See Akron II,* 110 S. Ct. at 2980-81; *Bellotti,* 443 U.S. at 644. Delaying a woman's opportunity to undergo an abortion can create two serious problems. First, the health risks associated with an abortion increase significantly with delay. *See Matheson,* 450 U.S. at 439 & n.25.

Further, under *Roe v. Wade,* every woman has a fundamental constitutional right to seek an abortion. 410 U.S. at 147-64. That fundamental right, however, gradually yields to the state's interest in potential human life as fetal viability nears. *See Webster v. Reproductive Health Servs.,* 109 S. Ct. 3040, 3057 (1989). Therefore, if the abortion decision is hindered or burdened during the earlier stages of pregnancy, the performance of an abortion may be delayed until such time as the state can more extensively regulate the exercise of a woman's constitutional right. *See* NRS 442.250 (providing that all abortions performed after the twenty-fourth week of pregnancy must be performed in a hospital, by a licensed physician, and may only be performed "if the physician has reasonable cause to believe that an abortion currently is necessary to preserve the life or health of the pregnant woman").

There are few situations in which denying a minor the right to make an important decision will have consequences so grave and indelible.

> Yet an abortion may not be the best choice for the minor. The circumstances in which the issue arises will vary widely. In a given case, alternatives to abortion, such as marriage to the father of the child, arranging for adoption, or assuming the responsibility of motherhood with the assumed support of the family, may be feasible and relevant to the minor's best interest. Nonetheless, the abortion decision is one that *simply cannot be postponed*, or it will be made by default with far reaching consequences.

*Bellotti,* at 642-43 (emphasis added).

[10] Because time is such a critical factor, relating both to a woman's health and the exercise of her constitutional right to an abortion, we conclude that the Nevada bypass procedure, which does not contain a time period within which the state district court must rule on a minor's NRS 442.2555 peti-

tion and thus may delay her right to implement the bypass procedure, possibly indefinitely, does not sufficiently protect a pregnant minor's constitutional right to an abortion. That Nevada has impermissibly constricted the meaning of "best interests" only adds to the infirmity.

## IV.

We hold that a bypass procedure within a parental notification statute must meet constitutional scrutiny. Because we find that the Nevada bypass procedure fails to meet the requirements for a consent statute bypass, and also does not meet the expediency requirement for a notice statute bypass, we hold that the district court properly enjoined NRS 442.255, NRS 442.2555, and NRS 442.257.

As the prevailing party on appeal, appellees are awarded attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**AFFIRMED.**

## APPENDIX

§ 442.255   Notice to custodial parent or guardian; request for authorization for abortion; rules of civil procedure inapplicable.

1. Unless in the judgment of the attending physician an abortion is immediately necessary to preserve the patient's life or health or an abortion is authorized pursuant to subsection 2, or [NRS 442.2555], a physician shall not knowingly perform or induce an abortion upon an unmarried and unemancipated woman who is under the age of 18 years unless a custodial parent or guardian of the woman is personally notified before the abortion. If the custodial parent or guardian cannot be so notified after a reasonable effort, the physician shall delay performing the abortion until he has notified the parent or guardian by certified mail at his last known address.

2. An unmarried or unemancipated woman who is under the age of 18 years may request a district court to issue an order authorizing an abortion. If so requested, the court shall interview the woman at the earliest practicable time, which must be not more than 2 judicial days after the request is made. If the court determines, from any information provided by the woman and any other evidence that the court may require, that:

   (a) She is mature enough to make an intelligent and informed decision concerning the abortion;

   (b) She is financially independent or is emancipated; or

   (c) The notice required by subsection 1 would be detrimental to her best interests,

the court shall issue an order within 1 judicial day after the interview authorizing a physician to perform the abortion . . . .

3. If the court does not find sufficient grounds to authorize a physician to perform the abortion, it shall enter an order to that effect within 1 judicial day after the interview. If the court does not enter an order either authorizing or denying the performance of the abortion within 1 judicial day after the interview, authorization shall be deemed to have been granted.

4. The court shall take the necessary steps to ensure that the interview and any other proceedings held pursuant to this subsection or NRS 442.2555 are confidential. The rules of civil procedure do not apply to any action taken pursuant to this subsection.

§ 442.2555 Procedure if district court denies request for authorization for abortion; Petition; hearing on merits; appeal.

1. If the order is denied pursuant to NRS 442.255, the court shall, upon request by the minor if it appears that she is unable to employ counsel, appoint an attorney to represent her in the preparation of a petition, a hearing on the merits of the petition, and on an appeal, if necessary. The compensation and expenses of the attorney are a charge against the county, as provided in the following schedule:

(a) For consultation, research and other time reasonably spent on the matter, except court appearances, $20 per hour.

(b) For court appearances, $30 per hour.

2. The petition must set forth the initials of the minor, the age of the minor, the estimated number of weeks elapsed from the probable time of conception, and whether maturity, emancipation, notification detrimental to the minor's best interests or a combination thereof are relied upon in avoidance of the

notification required by NRS 442.255. The petition must be initialed by the minor.

3. A hearing on the merits of the petition, on the record, must be held as soon as possible and within 5 judicial days after the filing of the petition. At the hearing the court shall hear evidence relating to:

(a) The minor's emotional development, maturity, intellect and understanding;

(b) The minor's degree of financial independence and degree of emancipation from parental authority;

(c) The minor's best interests relative to parental involvement in the decision whether to undergo an abortion; and

(d) Any other evidence that the court may find useful in determining whether the minor is entitled to avoid parental notification.

4. In the decree, the court shall, for good cause:

(a) Grant the petition, and give judicial authorization to permit a physician to perform an abortion without the notification required in NRS 442.255; or

(b) Deny the petition, setting forth the grounds on which the petition is denied.

5. An appeal from an order issued under subsection 4 may be taken to the supreme court, which shall suspend the Nevada Rules of Appellate Procedure pursuant to N.R.A.P. 2 to provide for an expedited appeal. The notice of intent to appeal must be given within 1 judicial day after the issuance of the order. The record on appeal must be perfected within 5 judicial days after the filing of the notice of appeal and

7908                        GLICK v. McKAY

transmitted to the supreme court. The court shall, by court order or rule, provide for a confidential and expedited appellate review of cases appealed under this section.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY BARCLAYS / ELECTROGRAPHIC—SAN FRANCISCO—(415) 588-1155

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 1991 by Barclays Law Publishers.