Emily C. Mimnaugh (NV Bar #15287)
PACIFIC JUSTICE INSTITUTE, Nevada Office
1580 Grand Point Way #33171
Reno, NV 89533
Telephone: (916) 857-6900
Fax: (916) 857-6902
emimnaugh@pji.org
*Designated Resident Nevada Counsel for Defendants Woodbury and Rye*
James Bopp, Jr. (IN Bar #2838-84)*
　　jboppjr@aol.com
Richard E. Coleson (IN Bar #11527-70)*
　　rcoleson@bopplaw.com
Joseph D. Maughon (VA Bar #87799)*
　　jmaughon@bopplaw.com
THE BOPP LAW FIRM, PC
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: (812) 232-2434
*Admitted pro hac vice.
*Counsel for Defendants Woodbury and Rye*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Planned Parenthood Mar Monte, Inc.,<br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>Aaron D. Ford, Nevada Attorney Gen.; Christopher J. Hicks, Washoe County Dist. Attorney; Jason D. Woodbury, Carson City Dist. Attorney; Arthur E. Mallory, Churchill County Dist. Attorney; Steven Wolfson, Clark County Dist. Attorney; Mark B. Jackson, Douglas County Dist. Attorney; Tyler Ingram, Elko County Dist. Attorney; Robert E. Glennen, III, Esmeralda County Dist. Attorney; Theodore Beutel, Eureka County Dist. Attorney; Kevin Pasquale, Humboldt County Dist. Attorney; William E. Schaeffer, Lander County Dist. Attorney; Dylan V. Frehner, Lincoln County Dist. Attorney; Stephen B. Rye, Lyon County Dist. Attorney; T. Jaren Stanton, Mineral County Dist. Attorney; Brian T. Kunzi, Nye County Dist. Attorney; Bryce R. Shields, Pershing County Dist. Attorney; Anne Langer, Storey County Dist. Attorney; James S. Beecher, White Pine County Dist. Attorney,<br>　　　　　　　　　　　　　Defendants. | Case No. **3:85-cv-00331-ART-CSD**<br><br>**Reply in Support of Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(5)** |

1   On December 1, 2023, Defendants Jason D. Woodbury, Carson City District Attorney, and Stephen B. Rye, Lyon County District Attorney (collectively, "**District Attorneys**")  filed their Rule 60(b)(5) Motion for Relief from Judgment, D. 83 ("**Motion**"), seeking relief from the Judgments entered in this case (collectively, "**Judgment**"), *id.* at 2. On June 14, 2024, successor-Plaintiff Planned Parenthood Mar Monte, Inc. ("**PPMM**") filed its Response in Opposition. D. 115. District Attorneys now timely reply. Because PPMM's various attempts to cast doubt on the Motion's arguments fail, the Motion should be granted.

**I. The Motion was properly submitted as a Rule 60(b)(5) motion.**

The Motion was properly lodged under Fed. R. Civ. P. 60(b)(5), which governs relief from prospective application of a judgment whose legal basis is dissolved. PPMM errs in attempting to shoehorn into this case other Rule 60(b) subsections. *E.g.* D. 115, 6–7, 29–30. "'General language of a statutory provision . . . will not be held to apply to a matter specifically dealt with in another part of the same enactment.'" *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U. S. 639, 646 (2012) (citation omitted). While Rule 60(b)(1) governs "mistake," the Motion falls properly under the more specific Rule 60(b)(5), as precedent dictates that the latter governs motions concerning a legal change rendering prospective application of a judgment inequitable ("**Inequity Prong**"). *E.g.*, *Agostini v. Felton*, 521 U.S. 203, 215, 237 (1997).

In urging this Court to construe District Attorneys' argument that *Casey*'s "large fraction analysis" for facial challenges no longer controls as a Rule 60(b)(1) "mistake of law" argument, D. 115, 13–14, PPMM ignores that *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), is the precedent *showing* the abrogation of that analysis. Motion, D. 83, 13 ("the large-fraction analysis is gone with . . . *Dobbs*."). The Motion did show the context of cases *leading* to *Dobbs*, including strong pre-*Dobbs* indications that the large-fraction analysis did not apply to

**Reply in Support of Mot. for Relief**              1

1  certain cases, *id.* at 11–13, but stated plainly that "[a] question about the ongoing applicability of

2  th[e no-set-of-circumstances] test" arose as a result of *Casey*, *id.* at 13. A *question* about the legal

3  standard applied in a judgment does not render its application inequitable. *Dobbs* unequivocally

4  got rid of the large-fraction analysis, which *did* render application of the Judgment relying on that

5  test inequitable. So the Inequity Prong controls. The Motion explained that under binding prece-

6  dent, such changes constitute inequities requiring relief. D. 83, 8–9, 23. Indeed, the Supreme

7  Court straightforwardly "concluded that" a "change in law entitles petitioners to relief under" the

8  Inequity Prong. *Agostini v. Felton*, 521 U.S. 203, 215, 237 (1997). "[O]nce a party carries [its]

9  burden" to establish that such a change warrants relief, "a court abuses its discretion when it

10 refuses to modify an injunction[.]" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (cleaned up).

11     PPMM does not persuasively dispute this. Although PPMM quotes part of a sentence from

12 *Horne*, 557 U.S. at 447—"Rule 60(b)(5) is not intended to 'challenge the legal conclusions on

13 which a prior judgment or order rests,'" D. 115, 21—its seemingly narrow understanding of this

14 half-quotation is belied by the rest of the sentence: "but the Rule provides a means by which a

15 party can ask a court to modify or vacate a judgment or order if a significant change either in

16 factual conditions or in law renders continued enforcement detrimental to the public interest."

17 557 U.S. at 447 (quotation marks and citation omitted). This single snippet of a line in *Horne*,

18 with no further explanation, was therefore clearly not the Supreme Court's signal that its previ-

19 ous instruction to that effect (viz., that change in law *can* justify Rule 60(b)(5) relief) in

20 *Agostini*—or the line of cases *Agostini* cited, 521 U.S. at 215—was no longer good law. Thus,

21 *Horne* only *affirms* that the Rule 60(b)(5) provides grounds for proper relief here.

22     PPMM additionally claims that the Motion should be evaluated under the prong of Rule

23 60(b)(5) concerning judgments "based on an earlier judgment that has been reversed or vacated"

**Reply in Support of Mot. for Relief**      2

("**Prior Judgment Prong**"), which applies only when claim or issue preclusion is the basis for the challenged judgment, D. 115, 22. But rather than explaining *why* that is the appropriate prong, PPMM simply cites cases explaining how its analysis operates. *Id.* at 21–22 (citing various Prior Judgment Prong sources); *see also id.* at 23 (citing additional cases). By failing to argue how a rule about claim or issue preclusion judgments—plainly not at issue here—could apply, and instead only discussing the operation of the prong *when* applicable, PPMM misses the mark. This Court should pay no heed to that unsupported contention.

It follows that PPMM's reliance on a case (from a district court in a different circuit) denying a Prior Judgment Prong motion, *MKB Mgmt. Corp. v. Wrigley*, 343 F.R.D. 68, 70 (D.N.D. 2022), is misplaced. *See* D. 115, 22. Even if *Wrigley did* concern the Inequity Prong, it still sheds no light here. *Wrigley* stated that the underlying judgment "was based on the United States Constitution, not simply *Roe* and *Casey*." 343 F.R.D. at 70. Here, District Attorneys have shown that a fundamental basis of the Judgment *was* overturned, D. 83, 10–15, rendering this case distinct. They have also explained how the continuing enforcement of the Judgment would no longer be equitable, *id.* at 8–9, 22–24—something not addressed at all in *Wrigley*. Thus, they have shown grounds requiring relief under Rule 60(b)(5). *See Horne*, 557 U.S. at 447.

## II. The Motion is timely.

Because the Motion is properly made under Rule 60(b)(5), Rule 60(c)'s one-year time limit for filing a motion for relief (which applies only to motions made pursuant to Rule 60(b)(1), (2), or (3)) is inapplicable, and its "reasonable time" requirement is the correct standard.

That standard shows the Motion was timely. "What constitutes reasonable time" is fact-contingent, *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985), but "Rule 60(b) . . . must be liberally applied," *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir.

2001) (cleaned up). The facts of this case are akin to Ninth Circuit cases in which such motions have been found timely. For example, in *Holtzman*, the court found motions timely despite the movant's approximate five-year delay in seeking such relief. *See* 762 F.2d at 723, 725. Although the problem with the challenged injunction was its lack of a "fixed termination date," *id.* at 726—which would have been apparent upon its issuance—the Court nonetheless found the many-year delay did not defeat timeliness. This was in spite of the fact that the delay resulted from "judgment errors"; the Court explained that the circumstances warranted a finding of timeliness because no prejudice resulted from the "errors and because the prospective nature of the injunction calls for leniency in interpreting the reasonable time requirement." *Id.*

Other cases confirm that delay alone has little weight if the delay does not prejudice the opposing party. In *Cisneros v. United States (In re Cisneros)*, for example, the Ninth Circuit affirmed a finding of timeliness even where the moving party had "offered no explanation for its [eight-month] delay." 994 F.2d 1462, 1467 (9th Cir. 1993). While the appellant "insist[ed]" the delay was accorded "insufficient weight," the appellate court noted that the court below had clearly considered the controlling factors, observing that it had "found that the delay had caused the Debtors no prejudice, while a failure to grant the motion to reopen would have been highly prejudicial to the government." *Id.* Other Ninth Circuit cases have likewise held that delays well in excess of a year did not render Rule 60 motions untimely, all based on factual analysis.[1]

---

[1] *E.g.*, *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 945 (9th Cir. 2007) (two year delay justified); *Washington v. Penwell*, 700 F.2d 570, 572-73 (9th Cir. 1983) (four-year delay justified); *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (18-month delay justified); *Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013) (17 month delay "ha[d] little weight in either direction."). The Ninth Circuit also approvingly cites similar cases from other courts. *E.g.*, *Bynoe v. Baca*, 966 F.3d 972, 981 (9th Cir. 2020) (citing *Ritter v. Smith*, 811 F.2d 1398, 1402 (11th Cir. 1987), as "describing . . . nine months . . . as a 'brief delay'; and *Thompson v. Bell*, 580 F.3d 423, 443-44 (6th Cir. 2010), as "concluding that a four-year delay . . . was timely in light of the petitioner's diligence").

**Reply in Support of Mot. for Relief**         4

1    Regarding finality, the proper focus is not mere abstract interest in finality, but whether the
2    party opposing relief "had any reliance interest in the finality of the judgment." *Henson v. Fid.*
3    *Nat'l Fin., Inc.*, 943 F.3d 434, 450 (9th Cir. 2019). Such interest is shown where "granting the
4    motion for relief would undo the past, executed effects of the judgment." *Id.* PPMM, like the
5    opposing party in *Henson*, has provided "no evidence that [it] has relied . . . on the finality of the
6    [judgment] . . . [and] there are no past effects . . . that would be disturbed if the case were re-
7    opened[.]" *Id.* PPMM has alleged no *past* effect of the Judgment that would be disturbed as a
8    result of the *prospective* relief sought, and logically there could be no such effects. "Thus . . . this
9    factor should 'weigh[] heavily in [District Attorneys'] favor.'" *Id.* (citation omitted).[2] The Ninth
10   Circuit's frequent citation[3] to a case from another circuit, *Clarke*, makes that case notable. There,
11   the Eighth Circuit found a Rule 60(b)(6) motion timely because "nothing . . . indicate[d] th[e]
12   opposing party] ha[d] changed its position to its detriment in reliance on the judgment . . . ." 570
13   F.2d at 831. Thus, as *Pacific Far East* summarizes *Clarke*'s holding, a "six-year delay [is] not
14   unreasonable where no detrimental legal reliance" is shown. 889 F.2d at 249. Again, PPMM has
15   shown no such reliance, so this factor weighs heavily in District Attorneys' favor.

16   All of the foregoing shows that, while PPMM cites a smattering of cases in which motions
17   following less "delay" were held to be untimely, D. 115, 17–18, it fails to demonstrate *factual*
18   similarity to the present case, a fatal flaw since timeliness is fact-contingent. The most significant
19   *fact* here is the lack of *any* prejudice to PPMM as a result of any delay in filing the Motion.

---

20   [2] A reliance on finality can also result from the loss of facts over time, *e.g.*, *Jeff D. v.*
*Little*, 2023 U.S. Dist. LEXIS 198142, *11 (D. Idaho), but PPMM has alleged no such concerns
21   in this purely legal case. This confirms that this consideration weighs in District Attorneys' favor.

22   [3] In the highly specific context of a Rule 60(b)(5) or (6) motion, the circuit court has cited
*Clarke v. Burkle*, 570 F.2d 824 (8th Cir. 1978), no less than three times to show that a six-year
23   delay may properly be found "not unreasonable." *Holtzman*, 762 F.2d at 725; *Pac. Far E. Lines,*
*Inc.*, 889 F.2d at 249; *Zurich Am. Ins. Co.*, 503 F.3d at 945.

**Reply in Support of Mot. for Relief**          5

1   Although PPMM *recognized* that prejudice is significant in the timeliness analysis, D. 115, 17, it
2   failed to even passingly allege it was prejudiced by the Motion's timing. *See generally id.* Be-
3   cause PPMM's implied interest[4] is facilitating abortions for "Nevadans under the age of 18 . . .
4   without parental notification," *see id.* at 10, in the absence of any detrimental reliance (indeed, no
5   changed position at all, since the law never went into effect), any delay *served* PPMM by effec-
6   tively pushing back the time at which the Motion, if granted, would effect that interest.

7   Nor does PPMM discuss application of the *remaining* timeliness factors—"the party's
8   ability to learn earlier of the grounds . . . [and] the reason for the delay[.]" *Bynoe v. Baca*, 966
9   F.3d 972, 980 (9th Cir. 2020). As discussed, PPMM attempts to shoehorn parts of the Motion
10  into Rule 60(b)(1), but the fact that an earlier *question* had arisen about *Glick*'s continuing valid-
11  ity does not mean the Motion should have been filed then.[5] District Attorneys rightly declined to
12  seek relief when courts had demonstrated disagreement about the analysis for abortion regula-
13  tions. Similarly, although *Wicklund* did abrogate *Glick*, *infra* Part III.A, the Ninth Circuit said it
14  did not, *Planned Parenthood of Southern Arizona v. Lawall*, 180 F.3d 1022, 1029 n.9 (9th Cir.
15  1999), so any *Wicklund*-based Rule 60(b) motion would have been fruitless at that time, which
16  PPMM tacitly concedes by claiming *Lambert* "did not repudiate *Glick*[,]" D. 115, 3–4.

17  District Attorneys acted diligently upon learning of the grounds of relief. As both parties'

---

[4] Implied, but not stated directly and, importantly, not evidenced. *See infra* Part IV.

[5] *See, e.g.*, *Estate of Abduraham Mohammed v. City of Morgan Hill*, No. 5:10-cv-05630 EJD, 2013 U.S. Dist. LEXIS 157823, at *7 (N.D. Cal. Nov. 1, 2013) ("disagreement with the court's decision does not equate to error"); *Autotek, Inc. v. Cty. of Sacramento*, No. 2:16-cv-01093-KJM-CKD, 2020 U.S. Dist. LEXIS 127573, at *15 (E.D. Cal. July 17, 2020) (holding that for Rule 60(b)(1) purposes, the alleged "mistake must be obvious . . . . Moreover, reconsideration based on court error requires that the moving party present 'facts or law of a strongly convincing nature'") (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2858.1 (3d ed. 2020); *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985))).

**Reply in Support of Mot. for Relief**           6

1  procedural history discussions show, this is no ordinary case in which all original parties remain
2  or pursue their original interests. Yet, despite the fact that the Motion could not have reasonably
3  been expected to be filed immediately after *Dobbs*' issuance, District Attorneys did act diligently
4  in a case that required, *inter alia*, the acquisition of a large record that was un-available on the e-
5  filing system; research and conferral with court personnel about how to comply with the e-filing
6  rule when the case was not on the e-filing system; research on the status of the parties, including
7  inquiry into both Dr. Glick and the successor to Planned Parenthood of Washoe County; research
8  on the unusual issues of succession in interest and the proper course when no successor is appar-
9  ent; and additional time to study the lengthy, paper record to ensure proper argumentation.[6]

10  Thus, while PPMM cites a grab-bag of cases to show that, in some circumstances, untimeli-
11 ness can result from lesser "delays," that is insignificant since PPMM declines to show how this
12 case is remotely similar to almost *any* of them. While PPMM *does* suggest analogy to *NOW v.*
13 *Operation Rescue*, D. 115, 18, that case—which did not involve unusual circumstances like those
14 above or public interest in enforcement of health laws, and in which the movant appeared to be
15 seeking only to delay the judgment, 47 F.3d 667, 669 (4th Cir. 1995)—is a far cry from this one.
16 As shown, the facts here are akin to those in cases where a Rule 60 motion *was* timely.

17  Even when some factors would ordinarily weigh against timeliness, "[l]eniency [] is appro-
18 priate when the challenged judgment is prospective," *United States v. Holtzman*, 762 F.2d 720,
19 725 (9th Cir. 1985) (citation omitted), as here. Thus, even if any delay is not fully justified, leni-
20 ency is proper, especially in light of the interests at issue. "An unduly strict reading of the reason-
21 able-time requirement . . . would tend to force premature Rule 60(b)(5) motions due to a State's
22 fear of losing forever the opportunity to correct an injunction[.]" *Associated Builders & Contrac-*

---
23  [6]These and similar complexities are reflected in District Attorneys' Motion for Scheduling Conference, D. 104, 2–3, to which PPMM never objected.

**Reply in Support of Mot. for Relief**                7

*tors v. Mich. Dep't of Labor & Econ. Growth*, 543 F.3d 275, 279 (6th Cir. 2008). *Associated Builders* observes in its timeliness analysis that when public, rather than purely private, concerns are at stake, "[a] court should not lightly deny a State's request to regulate a matter of public safety, particularly when the obstacle to the regulation rests on a [dissolved] foundation[.]" *Id.* at 278. This resounds strongly here, where an interest in enforcing health-related state laws is at stake and *Glick*'s foundation gone. Thus, this Court should find the Motion timely, following the principle that "the public interest is a particularly significant reason for applying a flexible modification standard," particularly in reference to injunctions that "reach beyond the parties . . . and impact the public's right to the sound and efficient operation of its [government]." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 381 (1992). Accordingly, the Motion was timely.

### III. Rule 60(b)(5) relief should be granted.

PPMM's remaining arguments cast no doubt on the propriety of Rule 60(b)(5) relief.

**A. *Wicklund* abrogated *Glick* entirely.**

PPMM errs in its discussion of the effect of *Lambert v. Wicklund*, 520 U.S. 292 (1997). As noted, its claim that the *Wicklund* issues place the Motion under Rule 60(b)(1) is incorrect. "Mistake" thereunder is a mistake apparent at the time the challenged judgment was issued, but the relevant section of the Motion is bookended with explicit statements that *Wicklund abrogated Glick*. D. 83, 15, 22. The Motion does discuss the *Glick* problems *Wicklund* identified, but that does not place the claim under Rule 60(b)(1). A high bar is imposed for evincing judicial mistake, which must be obvious. *Supra* n.5. While the Motion shows that legal error existed in *Glick*, it does not claim the error was obvious enough when the Judgment was issued to clear that bar. Instead, *Wicklund* rendered this abundantly clear by abrogating *Glick*. D. 83, 15–22. Additionally, PPMM's claim that the Motion only reiterated previous arguments, D. 115, 13, is unde-

**Reply in Support of Mot. for Relief**  8

1 veloped: rather than *identifying* any arguments made previously, PPMM only presents bare

2 assertion. The Court should not consider such unsupported and conclusory statements. Thus,

3 PPMM fails to meaningfully dispute that the Motion falls under Rule 60(b)(5).

4     PPMM's arguments that *Wicklund* did not abrogate *Glick* also fail. PPMM concedes that

5 *Wicklund* "rejected" *Glick*'s analysis concerning the "minor's best interest," D. 115, 10, 21, but

6 argues that *Wicklund* "did not repudiate *Glick*'s holding that Nevada's judicial bypass procedure

7 was unconstitutional because it did not sufficiently ensure expediency . . . ," *id.* at 10–11, 21. The

8 Motion, however, establishes that *Wicklund* held the Nevada law indistinguishable from the

9 Montana law that it said satisfied *Belloti II*'s criteria (including expediency), D. 83, 16 (citing

10 520 U.S. at 296), and that therefore *Wicklund* "necessarily decided that Nevada's statutory deci-

11 sion not to impose a district-court time-limit did not distinguish the Nevada law from the Ohio

12 and Montana laws," *id.* at 19. The Motion furthermore laid out in detailed clarity the logic of this

13 result and why subsequent Ninth Circuit dictum did not change the Supreme Court's

14 "abrogat[ion] *entirely* [of] the Ninth Circuit's affirmation in *Glick* of this Court's Judgment." *Id.*

15 at 19–22. Again, PPMM simply does not address these arguments, once more rendering its mere

16 *assertions* unsupported and conclusory. Again, this Court should afford no weight to such asser-

17 tions. Accordingly, PPMM fails to adequately dispute that *Wicklund* entirely abrogated *Glick*.

18 **B. Prospective application of the Judgment would constitute inequity.**

19     The Supreme Court has roundly rejected the notion that, even when the legal basis of a judg-

20 ment is gone, courts must nonetheless "conduct a broad, fact-specific inquiry into whether mod-

21 ification prevents inequity." *California by & through Becerra v. United States Environmental*

22 *Protection Agency*, 978 F.3d 708, 713 (9th Cir. 2020) ("***EPA***"). Thus, as the Motion explains, to

23 enforce an injunction whose legal foundation no longer stands *is* itself an inequity harming the

**Reply in Support of Mot. for Relief**      9

1  public interest. D. 83, 8–9. Accordingly, by showing that the legal basis for the Judgment has

2  been destroyed, District Attorneys have satisfied the requirement to show inequity.

3      PPMM attempts to distinguish *EPA*, claiming it applies only "when the *entire* legal basis for

4  a judgment has eroded[.]" D. 115, 24. But that changes nothing: *Dobbs did* destroy the entire

5  legal basis of *Glick*. PPMM "does not dispute that *Dobbs* overruled *Roe*," but says other

6  "grounds compel against dissolving" the Judgment. However, PPMM does not even argue that

7  *any* legal basis of the *Judgment* remains (tacitly conceding, then, that none does), but instead that

8  District Attorneys do not address "claims *raised in the pleadings*." D. 115, 26 (emphasis added).

9  The suggestion that a judgment may stand against an Inequity Prong challenge so long as *some*

10 theory, no matter how frivolous, was in a *pleading* alongside an ultimately-prevailing theory, and

11 was not addressed in the motion for relief, plainly does not reflect the legal standard. PPMM

12 attempts to bolster its claim with *Guam Soc'y of Obstetricians & Gynecologists v. Guerrero*, No.

13 90-00013, 2023 U.S. Dist. LEXIS 51816, at *6 (D. Guam), but the movant there *did not contest*

14 the contention that *Dobbs* left unchanged the enjoined law's status as a "legal nullity." *Id.* at

15 *5–*7. Here, the Motion thoroughly explains that *Dobbs* destroyed the Judgment's basis, and in

16 this Reply *has* shown that PPMM fails to challenge that fact. Thus, *Guerrero* is not analogous,

17 and District Attorneys have met their burden, *not* attempted to shift it, *contra* D. 115, 25.

18     PPMM also argues that the Ninth Circuit requires a movant to "look beyond a simple change

19 in law in evaluating" Inequity Prong motions and show "that the changed conditions ma[de]

20 compliance with the [injunction] more onerous, unworkable, or detrimental to the public inter-

21 est." D. 115, 24 (quoting *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1097–98), insinuating

22 *Rousseau* trumps *Agostini* because it "postdates" the Supreme Court's *Agostini*. While that

23 ignores the Supreme Court's authority, it makes no difference because PPMM overstates *Rous-*

**Reply in Support of Mot. for Relief**            10

*seau*, which requires a further showing of inequity only "*[i]f* the moving party cites significantly changed circumstances," as opposed to a change in the law undergirding the judgment. 985 F.3d at 1097.[7] This limitation makes sense in light of the fact, discussed above, that under Supreme Court precedent, prospective enforcement after such a change *is* inequity.

Rather than showing that the *Glick judgment* has a remaining constitutional basis, as required, PPMM attempts to raise new claims against the S.B. 510 *law* at issue in the judgment. D. 115, 26–28. But *new* challenges to the law (or old claims that the judgment did not rely on) must be properly litigated. PPMM cannot use *this* litigation as an end-run around the judicial process for *new* claims. Regardless, it is not clear how these purported "additional grounds" show that "challenged sections remain unlawful." *See id.* at 26. PPMM mentions a 2019 act removing restrictions, *id.* at 26–27, but fails to elucidate (1) how that would conflict with the provisions *Glick* enjoined and (2) how it makes them unlawful. PPMM also suggests the possibilities that "revival" of those provisions may not be "permissible in Nevada," that the Legislature may not want such revival, *id.* at 26–27, or that adjusting to same could be difficult, *id.* at 28–29, but these contentions amount only to disagreements with the relief required under Rule 60(b)(5).[8] PPMM raises the Nevada Equal Rights Amendment, but concedes that any effect it

---

[7] This meaning is plain in the full context: "A party requesting modification must show 'a significant change either in factual conditions or in the law warranting modification of the decree.' . . . If the moving party cites significantly changed circumstances . . . ." *Id.* (citation omitted). Contrasting these sentences, it is plain that "changed circumstances" references "change[d] . . . factual conditions." If the latter sentence's limiting "if" clause was intended to cover change in *law* as well, it would be nonsensically redundant. This reading is also compelled when we properly assume the court did not intend to directly contradict the Supreme Court's "unbroken line of . . . cases mak[ing] clear that it is an abuse of discretion to deny a modification of an injunction after the [underlying] law . . . changes to permit what was previously forbidden." *EPA*, 978 F.3d 713–14; *see also id.* at 715 (Ninth Circuit and other courts holding same).

[8] This is rooted in PPMM's belief that a showing of further inequities is required. This is wrong (so theoretical implementation problems are not grounds for denying relief), but this Court may order further briefing to address any questions it may have regarding implementation.

**Reply in Support of Mot. for Relief**            11

1 could have is "unclear." *Id.* at 27. This shows the infirmity of PPMM's position: the fact that certain issues could *theoretically* still be raised against the law at issue in a judgment challenged under Rule 60(b)(5) surely cannot justify upholding a judgment whose *actual* legal basis is gone—such an understanding of the rule is in direct contrast to Supreme Court precedent.

District Attorneys have shown that under Supreme Court precedent, continued enforcement of an injunction whose legal basis is gone *is* inequity detrimental to the public interest, and that PPMM fails to prove otherwise. While PPMM raises various public interest concerns, *id.* at 28–29, it fails to argue that continued enforcement of a judgment now lacking a lawful basis *would* serve the public interest, thus ignoring the *chief* concern. Nor does PPMM address the Motion's further showing in this regard. *See* D. 83, 23–24. So PPMM's assertion that District Attorneys have *not* adequately addressed the public interest, D. 115, 28, is baseless.

**IV. PPMM lacks third-party standing.**

Finally, the Motion notes that *Dobbs* "abrogated cases recognizing third-party standing in abortion cases, [597 U.S. 215, 286–87], providing another reason to vacate the Judgment because Plaintiffs cannot assert patients' rights." D. 83, 11. PPMM has not disputed this basis to vacate the Judgment, nor has it alleged any basis to support third-party or organizational standing, *see FDA v. All. for Hippocratic Med.*, Nos. 23-235, 23-236, 2024 U.S. LEXIS 2604, at *15–*40 (June 13, 2024), so that is another basis on which this Court should vacate the Judgment.

**V. Conclusion.**

PPMM has failed to cast doubt on the relief to which District Attorneys are entitled. For all of the reasons set forth above and in the Memorandum of Points and Authorities accompanying the Motion, this Court should grant the Motion.

**Reply in Support of Mot. for Relief**         12

| | |
|---|---|
| Dated: June 21, 2024 | Respectfully submitted, |
| | Emily C. Mimnaugh (NV Bar #15287)<br>PACIFIC JUSTICE INSTITUTE, Nevada Office<br>1580 Grand Point Way #33171<br>Reno, NV 89533<br>Telephone: (916) 857-6900<br>Fax: (916) 857-6902<br>emimnaugh@pji.org<br>*Designated Resident Nevada Counsel for Defendants Woodbury and Rye* |
| | /s/ James Bopp, Jr.<br>James Bopp, Jr. (IN Bar #2838-84)*<br>   jboppjr@aol.com<br>Richard E. Coleson (IN Bar #11527-70)*<br>   rcoleson@bopplaw.com<br>Joseph D. Maughon (VA Bar #87799)*<br>   jmaughon@bopplaw.com<br>THE BOPP LAW FIRM, PC<br>The National Building<br>1 South Sixth St.<br>Terre Haute, IN 47807-3510<br>Telephone: (812) 232-2434<br>*Admitted pro hac vice.<br>*Counsel for Defendants Woodbury and Rye* |

## Certificate of Service

I hereby certify that on this 21st day of June, 2024, a true and correct copy of this Reply in Support of Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(5) was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By /s/ James Bopp, Jr.
James Bopp, Jr. (IN Bar #2838-84)*
jboppjr@aol.com
THE BOPP LAW FIRM, PC
The National Building
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: (812) 232-2434
*Admitted pro hac vice.

*Counsel for Defendants Woodbury and Rye*

**Reply in Support of Mot. for Relief**  14