UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Planned Parenthood Monte Mar,<br><br>    Plaintiff,<br>v.<br><br>Aaron Ford, in his capacity as Attorney General, *et. al.*,<br><br>    Defendants. | Case No 3:85-cv-331-ART-CSD<br><br>**ORDER ON SUPPLEMENTAL BRIEFING** |

In 1985, Plaintiffs (then Eugene Glick, M.D. and Planned Parenthood of Washoe County) filed a complaint (ECF No. 1) and motion for a preliminary injunction (ECF No. 2), seeking to enjoin sections of Senate Bill 510, codified in NRS Chapter 442, from being enforced. Plaintiffs argued that these provisions, which require parental notification before an abortion is performed on certain minors, were unconstitutional. The complaint alleged that the challenged provisions violate the Fourteenth Amendment Due Process and Equal Clauses, as well as the First Amendment.

On July 17, 1985, Judge Edward C. Reed granted Plaintiffs' motion for preliminary injunction and issued an injunction prohibiting the enforcement of NRS 442.255(1)-(4), NRS 442.257, and Section 2 of Senate Bill 510. (ECF Nos. 22-23); *Glick v. McKay*, 616 F.Supp. 322 (D. Nev. 1985). Defendants appealed this order, and the Ninth Circuit affirmed. *Glick v. McKay,* 937 F.2d 434 (9th Cir. 1991). Shortly thereafter, Plaintiffs filed a motion for summary judgment in the District Court on the basis of the Ninth Circuit's decision (ECF No. 68). The Court granted this motion and entered judgment, declaring NRS 442.255 and 442.2555 unconstitutional and permanently enjoining NRS 442.255, 442.2555, and 442.257. (ECF No. 74.)

On December 1, 2023, Defendants[1] filed a motion for relief from the Court's judgment under Fed. R. Civ. P. 60(b)(5), arguing relief from the judgment was no longer equitable because (1) *Lambert v. Wicklund*, 520 U.S. 292 (1997) had abrogated *Glick* in 1997, and (2) *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) had eliminated the basis for the injunction in 2022. (ECF No. 83.) The Court granted Plaintiff Planned Parenthood of Mar Monte's motion to substitute and be designated as successor Plaintiff. (ECF Nos. 103, 105.)

In their opposition to Defendants' motion for relief, Plaintiff argued that there are constitutional grounds independent of the Court's 1991 judgment, some of which were raised in the original 1985 complaint, which might justify a continued injunction against the statutory provisions at issue. (ECF No. 115 at 20.) Plaintiff requested the opportunity for supplemental briefing to address such arguments. (*Id.*) In their reply brief, Defendants disagreed with the need to address these challenges but stated that the Court could order further briefing to address any questions it may have regarding implementation. (ECF No. 116 at 20.)

The parties dispute whether the Court must consider other equitable factors in deciding this motion for relief under 60(b)(5). (ECF No. 115 at 16-20; ECF No. 116 at 9-12.); *see Am. Unites for Kids v. Rousseau*, 985 F.3d 1075 (9th Cir. 2021); *California by and through Becerra v. EPA*, 978 F.3d 708 (9th Cir. 2020). However, it is clear that a modification under Rule 60(b)(5) "must not create or perpetuate a constitutional violation." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992). Thus, Court must consider Plaintiff's arguments regarding alternative constitutional grounds for maintaining the injunction.

Accordingly, the Court will permit the parties to supplement their briefing to address alternative constitutional grounds for maintaining the injunction,

---

[1] Current officer-holder Defendants were automatically substituted for original Defendants, pursuant to Fed. R. Civ. P. 25(d).

such as: equal protection based on marital status, procedural due process regarding vagueness as to both providers and patients, procedural due process based on state law rights, and the changed circumstances, including changes in Nevada law that may impact these arguments. Parties should specify which arguments are based on claims alleged in the complaint, and which, if any, may require an amended complaint. The parties are free to raise other issues not discussed here.

**Supplemental briefing is ordered as follows:**

Plaintiff shall have 30 days from the date of this order to file supplemental briefing on the issues described herein, not to exceed 30 pages.

Defendants shall have 21 days from the date of Plaintiff's supplemental briefing to file responsive briefing, not to exceed 30 pages.

Dated this 30th day of October, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3