BRADLEY S. SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

HANNAH SWANSON, ESQ. *(admitted pro hac vice)*
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
Email: hannah.swanson@ppfa.org

VALENTINA De FEX, ESQ. *(admitted pro hac vice)*
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
Email: valentina.defex@ppfa.org
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Planned Parenthood Mar Monte,<br><br>Plaintiff,<br><br>vs.<br><br>Aaron Ford, in his capacity as Nevada Attorney General, et al.,<br><br>Defendants | Case No.: 3:85-cv-00331-ART-CSD<br><br>**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff, Planned Parenthood Mar Monte, Inc. ("PPMM") hereby moves to voluntarily dismiss all of its claims in this action without prejudice and without the imposition of terms and conditions imposed upon the grant of such order. Defendants Carson City District Attorney and Lyon County District Attorney ("District Attorneys") oppose this motion. At the time of filing, no other party has stated their position. PPMM is simultaneously moving for voluntarily dismissal of its Ninth Circuit appeal. The

grant of PPMM's motion to dismiss its appeal returns jurisdiction to this Court to grant this motion for dismissal under Fed. R. Civ. P. 41(a)(2). As set forth below, the grant of Plaintiff's motion for voluntary dismissal without prejudice will not cause defendants any legal prejudice.

## RELEVANT FACTS AND PROCEDURAL HISTORY

This action challenging S.B. 510, which restricted access to abortion for patients under the age of eighteen, was filed in 1985, twelve years after the United States Supreme Court first recognized the federal constitutional right to abortion in *Roe v. Wade*, 410 U.S. 113 (1973). For almost fifty years, *Roe* was settled law until its overruling in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022). In light of this landmark shift in jurisprudence, PPMM, through its counsel, respectfully moves to voluntarily dismiss this action without prejudice. As the parties are familiar with the factual circumstances and procedural history in this matter through extensive contemporaneous briefing, PPMM addresses only the facts relevant to this Motion.

### I. BACKGROUND

S.B. 510, passed in 1985, bars a physician from performing an abortion for any "unmarried or unemancipated" patient under the age of eighteen without notifying a "custodial parent or guardian" ("parental notification"), or unless the abortion is judicially authorized through a through a specified process ("judicial bypass"). *See* NRS 442.255; NRS 442.2555.

On June 28, 1985, Dr. Eugene Glick and Planned Parenthood of Washoe County[1] filed suit against state and local officials responsible for enforcing the statutes. The complaint sought an injunction to prevent these statutes from taking effect, arguing that they violated multiple federal constitutional provisions. *See* Compl., ECF No. 1.

---

[1] Dr. Eugene Glick is deceased. *See* Mot. for Substitution and To Be Designated Successor Pl. 2, ECF No. 103. PPMM is the successor in interest of Planned Parenthood Washoe County, the original plaintiff in these proceedings. *Id*.

This Court granted a temporary restraining order that day, *see* TRO, ECF No. 6, and a preliminary injunction on July 17, 1985, *see Glick v. McKay*, 616 F. Supp. 322 (D. Nev. 1985), barring enforcement of the parental notification and judicial bypass provisions. On August 5, 1985, Defendant Brian McKay filed an Answer to Plaintiffs' Complaint. Answer, ECF No. 45. On June 21, 1991, the United States Court of Appeals for the Ninth Circuit, in affirming the injunction, held that the statutes were unconstitutional because the bypass process set forth in the statute did "not sufficiently protect a pregnant minor's constitutional right to an abortion." *See Glick v. McKay*, 937 F.2d 434, 442 (9th Cir. 1991). On October 10, 1991, this Court granted the Plaintiffs' unopposed motion for summary judgment, (ECF No. 68, ECF No. 71), and issued declaratory and permanent injunctive relief barring enforcement of the challenged statutory provisions. Judgment, ECF No. 74; J. in a Civil Case, ECF No. 75.

On June 24, 2022, the United States Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), which overturned *Roe v. Wade* and *Planned Parenthood of Se. Pa. v. Casey*, 506 U.S. 833 (1992), longstanding federal legal precedent.

On December 1, 2023, Defendants Carson City District Attorney and Lyon County District Attorney ("District Attorneys"), filed a Motion under Rule 60(b)(5) seeking to vacate this Court's 1991 final judgment. Mot. of Defs. Jason D. Woodbury, Carson City District Att'y, & Stephen B. Rye, Lyon County District Att'y, for Relief Under Fed. R. Civ. P. 60(b)(5), ECF No. 83. No other Defendant joined the Rule 60(b) Motion. *See id.* On October 29, 2024, this Court held a hearing on the motion and subsequently ordered supplemental briefing, which was completed on December 20, 2024. *See* Mins. of Proceedings, ECF No. 127; Order on Suppl. Briefing, ECF No. 126.

On March 31, 2025, this Court granted Rule 60(b)(5) relief, vacating the permanent injunction as of April 30, 2025, and allowing NRS 442.255, 442.2555, and 442.257 to go into effect that day. *See* Rule 60(b) Order, ECF No. 135. The Court

limited its merits analysis to whether under Fed. R. Civ. P. 60(b)(5)'s "inequity provision," *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022)'s overruling of *Roe v. Wade*, 410 U.S. 113 (1973), required the vacatur of this Court's 1991 permanent injunction. This decision did not address the District Attorneys' other arguments in support of Fed. R. Civ. P. Rule 60 relief. *See* Rule 60(b)(5) Order 9. This Court found that because *Dobbs* overruled *Glick*, requiring compliance with the 1991 permanent injunction was inequitable. *Id.* at 24.

On April 11, 2025, PPMM filed an appeal of the Rule 60(b) decision. Notice of Appeal, ECF No. 136. On April 14, 2025, PPMM filed a Motion to Stay the Rule 60(b) Order pending appeal before the District Court, or in the alternative, a temporary administrative stay to allow PPMM to seek a stay with this Court. ECF No. 137; ECF No. 139. On April 25, 2025, the District Court denied PPMM's Motion to Stay but granted a temporary administrative stay preserving the *status quo* to allow PPMM to seek relief with the Ninth Circuit pursuant to Fed. R. App. P. 8(a)(2). ECF No. 147.

On May 2, 2025, Plaintiff filed a Motion to Stay with the Ninth Circuit. ECF No. 148. On July 18, 2025, the Ninth Circuit denied Plaintiff's Motion to Stay. ECF No. 149. On July 22, 2025, this Court lifted its temporary stay of the order vacating the injunction against enforcement of NRS 442.255, 442.2555, and 442.257. ECF No. 150. Concurrently, Plaintiff is filing a Motion to Voluntarily Dismiss the aforementioned appeal before the Ninth Circuit.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) permits a district court to grant a motion for voluntary dismissal unless a defendant can demonstrate that they will suffer "some plain legal prejudice as a result." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279-80 (9th Cir. 2023) (internal citations and quotations omitted); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice includes "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[Ninth Circuit] case law makes

clear, the district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted." *Kamal*, 88 F.4th at 1282.

Once a defendant has answered or moved for summary judgment, Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss the action without prejudice on "terms that the court considers proper." The Ninth Circuit has recognized that a "district court should grant a motion for voluntary dismissal under FRCP 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Lenches*, 263 F.3d at 975. "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citations and quotations omitted).

## ARGUMENT

Here, Defendants[2] will not experience any legal prejudice should the Court grant PPMM's motion to voluntarily dismiss without prejudice. The bulk of proceedings in this case transpired between 1985 and 1991, culminating in this Court granting Plaintiffs' unopposed Motion for Summary Judgment in 1991 and entering permanent injunctive relief. PPMM did not cause or contribute to the circumstances that resulted in Movants' seeking Rule 60(b) relief: through no fault of PPMM, the U.S. Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization* overruled nearly fifty years of established precedent relied upon by the Ninth Circuit in *Glick v. McKay*. Similarly, PPMM played no role in two Defendants' decision to seek reopening of the stale proceedings and resulting in the resumption of litigation and proceedings in this matter, and ultimately the vacatur of the *Glick* final judgment.

---

[2] Although only two Defendants in this case sought Rule 60(b)(5) relief – vacatur of the final judgment – PPMM seeks to dismiss claims against all Defendants in this case.

To date, no Defendant has filed a Motion for Summary Judgment in this case, nor has any discovery been undertaken in this matter. Rather, following the grant of Rule 60(b) relief, all current parties are back at square one: litigating, at minimum, federal constitutional claims and defenses pled in 1985 and untangling issues related to identifying present day counsel for all parties named in original proceedings whose participation is required due to their inclusion in the original complaint.[3]

Defendants also cannot claim prejudice from resources devoted to this case after 1991. The Ninth Circuit has recognized that "expenses incurred in defending against a lawsuit does not amount to legal prejudice," *see, e.g.*, *Westlands Water Dist.*, 100 F.3d at 97. Similarly, any expenses incurred by the current Defendants after 1991 cannot constitute prejudice when these Defendants *voluntarily sought* Rule 60(b) relief over three decades after this case had been closed. Accordingly, the Court should decline any invitation to fault PPMM for the current Defendants' decision to reopen long-dormant proceedings and thereby incur litigation expenses. Such costs and resources, arising from Defendants' own strategic choices, are irrelevant to the adjudication of this motion. *Cf. Planned Parenthood S. Atl. v. Wilson*, No. CV 3:21-00508-MGL, 2022 WL 2905496, at *2 (D.S.C. July 22, 2022) (in granting a Rule 41(a)(2) motion without prejudice, "refus[ing] to fault Plaintiffs for [Intervenors'] choice to enter this case and thus incur expenses during the pendency of litigation.").

Defendants will not suffer any cognizable legal prejudice from dismissal of these proceedings without prejudice as they are no longer bound by this Court's 1991 permanent injunction. Dismissal without an adjudication on the merits regarding whether NRS 442.255 and NRS 442.2555 violate other federal constitutional provisions also does not create prejudice. As the Ninth Circuit has repeatedly

---

[3] In the original *Glick* proceedings, numerous Defendants authorized and delegated authority to the then-Attorney General, Brian McKay to represent them in this action. Because only Defendants Pruyt and Rye, with independent counsel, have been a party to the Rule 60(b) Motion, the remaining sixteen Defendants named in this case, too, are implicated by the recommencement of proceedings.

6

affirmed, "uncertainty because a dispute remains unresolved," standing alone, does not constitute legal prejudice. *Kamal*, 88 F.4th at 1280 (internal citations and quotations omitted).

In sum, because the facts and circumstances have substantially shifted since these proceedings began and ended between 1985-1991, PPMM respectfully requests that this Court allow it to voluntarily dismiss all claims without prejudice and without conditions.

## CONCLUSION

For the foregoing reasons, PPMM respectfully requests that this Court promptly enter an order dismissing this action without prejudice.

Dated this 23rd day of July, 2025.

**BRAVO SCHRAGER LLP**

By   */s/ Bradley S. Schrager*
BRADLEY S. SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

HANNAH SWANSON, ESQ. *(admitted pro hac vice)*
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
Email: hannah.swanson@ppfa.org

VALENTINA De FEX, ESQ. *(admitted pro hac vice)*
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
Email: valentina.defex@ppfa.org

*Attorneys for Plaintiff,*
*Planned Parenthood Mar Monte, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2025, a true and correct copy of this **PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  /s/ Dannielle Fresquez
Dannielle Fresquez, an Employee of
BRAVO SCHRAGER LLP