UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Planned Parenthood Monte Mar, Inc. | Case No. 3:85-cv-00331-ART-CSD |
| Plaintiff,<br>vs. | ORDER |
| Aaron Ford, in his capacity as Nevada Attorney General, *et al.*, | |
| Defendants. | |

After the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), substitute Defendants moved to lift a permanent injunction barring enforcement of Senate Bill 510 ("SB 510"), a 1985 Nevada law that requires parental notification or judicial bypass of that notification requirement before a physician can perform an abortion on a minor patient. (ECF Nos. 74; 75.). The Court found Defendants' motion meritorious based on *Dobbs* and vacated the permanent injunction.

Plaintiff now moves for voluntary dismissal of all of its claims in the instant action without prejudice and without the imposition of terms and conditions. (ECF No. 151.) Defendants oppose this motion. (ECF No. 153.) For the reasons discussed below, the Court grants Plaintiff's motion for voluntary dismissal without prejudice.

## I.    BACKGROUND

This action challenges the constitutionality of SB 510, which was enacted in 1985 and enjoined from being enforced in 1991 until the injunction was lifted in 2025. In their complaint, Plaintiffs argued that SB 510 and the provisions of NRS Chapter 442 amended by it were unconstitutional because they violated both

1

physicians' and patients' Fourteenth Amendment due process rights, violated the Equal Protection Clause by singling out the regulation of abortion procedures and discriminating between married or emancipated minor women and unmarried and unemancipated minor women, and violated physicians' free speech rights under the First Amendment. (ECF No. 1.)

In 1985, the Court granted preliminary injunctive relief, enjoining enforcement of NRS 442.255(1), (2), (3) and (4), NRS 442.257, and Section 2 of SB 510 (NRS 442.2555). *Glick v. McKay*, 616 F. Supp. 322 (D. Nev. 1985). That order was premised on *Roe v. Wade*, 410 U.S. 113 (1973) and its progeny, which recognized a constitutional right to abortion. *Id.* at 324. In affirming the Court's order, albeit on slightly different grounds, the Ninth Circuit also based its order on the constitutional right to abortion under *Roe* and its progeny. *Glick v. McKay*, 937 F.2d 434, 442 (9th Cir. 1991) (citing *Roe*, 410 U.S. at 147–64). This Court subsequently granted summary judgment to Plaintiff and permanently enjoined enforcement of the relevant state statutes. (ECF Nos. 74; 75.)

After the Supreme Court's decision in *Dobbs*, Defendant moved for relief under Rule 60(b)(5), asking this Court to vacate the 1991 permanent injunction. (ECF No. 135.) This Court held that the basis for the 1991 injunction was no longer applicable law, and the statute survived under the current rational basis standard set forth in *Dobbs*. (*Id.* at 27.) The Court therefore "vacate[d] the permanent injunction entered in this case." (*Id.*) Plaintiff was granted leave to file motions addressing other alternative bases for enjoining the statute, but did not do so. (*Id.*)

Although Plaintiff appealed that order (ECF No. 136), it subsequently moved to voluntarily dismiss its appeal, which the Ninth Circuit granted. (ECF No. 155.)

Plaintiff now moves to voluntarily dismiss the instant litigation without prejudice. (ECF No. 151.) Defendants responded (ECF No. 153), and Plaintiff

2

replied. (ECF No. 154.) The Court now considers Plaintiff's motion.

## II.     DISCUSSION

Plaintiff seeks to voluntarily dismiss all of its claims in this case, arguing that Defendants would not be prejudiced by a dismissal without prejudice. (ECF No. 151.) Defendants oppose dismissal and argue that there is no legal basis for dismissal, and they would be legally prejudiced by a dismissal. (ECF No. 153.) The Court will address these arguments in turn.

### A.     Rule 41(a)(2) Legal Standard

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands*, 100 F.3d at 97.) "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citation omitted). Incurring legal expenses defending against a lawsuit also does not constitute legal prejudice. *Westlands*, 100 F.3d at 97.

**B.    Legal Basis for Voluntary Dismissal without Prejudice**

Plaintiff argues that dismissal without prejudice is appropriate in this case because vacatur is legally not a final judgment and the Court's prior order was not a comprehensive constitutional adjudication resolving all potential challenges to the statutes. (ECF No. 154 at 3–5.) Defendants contend that orders granting Rule 60(b) relief are final judgments, and that the Court's prior order amended the judgment, instead of vacating it. (ECF No. 153 at 3–6.)

The Ninth Circuit has specifically held that "vacatur of a judgment in response to a Rule 60(b) order is not a final judgment." *Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9th Cir. 2000). Even if vacatur was a final judgment on the rational basis standard under *Dobbs*, the Court explicitly declined to consider Plaintiff's other federal or state law arguments for enjoining the statutory provisions at issue. (ECF No. 135 at 23–25 n.8, 9). The Court's analysis focused only on the narrow questions of whether *Dobbs* eliminated the legal basis for the *Roe*-based permanent injunction, and whether the statutes at issue survived rational basis review under the frameworks of *Dobbs*. (ECF No. 135.) The 1991 judgment also did not address Plaintiff's procedural due process, vagueness, or equal protection arguments that were made in the original complaint, and instead based its decision on the holding of Roe and its progeny, which recognized a constitutional right to abortion. *Glick*, 616 F. Supp. at 324. In granting Plaintiff leave to file appropriate motions addressing other bases for enjoining NRS 442.255, 442.2555, and 442.257, the Court clearly recognized that other constitutional claims were not adjudicated. (ECF No. 135 at 24–27.)

Defendants argue that there is no legal basis for dismissal without prejudice because a final judgment on the merits is essentially a dismissal with prejudice. (ECF No. 153 at 3.) Defendants point to the Seventh Circuit's holding in *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919 (7th Cir. 1990), to support their argument that a Rule 41(a)(2) dismissal without prejudice is inappropriate when

4

the Court has previously "rendered a final adjudication clearly resolving the merits of the case." (ECF No. 153 at 4 (quoting *Villegas*, 893 F.2d at 924).) *Villegas* is distinguishable. In that case, the district court dismissed plaintiff's claim, finding it foreclosed under Illinois law, but subsequently dismissed the action without prejudice so that the plaintiff could refile in state court. *Villegas*, 893 F.2d at 923. The Seventh Circuit found that the district court had abused its discretion in dismissing without prejudice a claim that had been adjudicated on the merits. *Id.* Here, by contrast, the Court's vacatur of the permanent injunction means there is no final judgment on the merits.

Because the Court's previous order vacating the permanent injunction was not a final judgment on the merits, Defendants' argument that there is no legal basis for a dismissal without prejudice is unavailing.

### C.    Plain Legal Prejudice

Plaintiff argues that dismissal without prejudice is appropriate because Defendants will not suffer plain legal prejudice, because (1) the bulk of legal proceedings occurred between 1985 and 1991, (2) Plaintiff did not cause or contribute to the circumstances leading to Defendants seeking Rule 60(b) relief, and (3) Plaintiff had no role in Defendants' decision to resume litigation in the instant case. (ECF No. 151 at 5.) In response, Defendants generally argue that dismissal at this juncture will result in plain legal prejudice due to the progression of the case and concerns about preclusion. (ECF No. 153 at 7–10.)

Defendants primarily rely on the dissenting opinion in *Blue Mountain Constr. Co. v. Werner,* 270 F.2d 305, 310 (9th Cir. 1959), which sets forth several examples in which dismissal without prejudice would result in plain legal prejudice. (ECF No. 153 at 7–10.) Aside from not being binding authority, none of these examples—which involve setting aside a jury verdict in favor of a defendant, denying an application for a preliminary injunction, and remand after reversal on appeal—are relevant here. And as stated above, the Ninth Circuit has

5

specifically held that "vacatur of a judgment in response to a Rule 60(b) order is not a final judgment." *Ballard,* 209 F.3d at 1161. Contrary to Defendants' arguments, the Court vacated a final judgment without entering a new one in its prior order, further making the examples that Defendant points to inapposite. (ECF No. 135.)

Defendants also generally argue that several examples "demonstrate the principle that the further a case has progressed, the less likely it is that dismissal without prejudice is warranted." (ECF No. 153 at 9.) While this may be true as a general principle, Defendants voluntarily resumed litigation in this case and received the outcome they were seeking—vacatur of the permanent injunction. (ECF No. 135.) Defendants, however, do not show how a dismissal without prejudice after their voluntary resumption of litigation results in plain legal prejudice, even taking into consideration the time elapsed between their resumption of litigation and Plaintiff's motion.

Defendants next invoke doctrines of preclusion to argue that they will be prejudiced by a dismissal without prejudice. (ECF No. 153 at 6–7.) The Ninth Circuit, however, has expressed that "a dismissal without prejudice under Rule 41(a)(2) anticipates the loss of a potential res judicata defense; that is the nature of a voluntary dismissal without prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1285 (9th Cir. 2023). Several other Ninth Circuit decisions have also recognized this principle. *See e.g., Concha v. London,* 62 F.3d 1493, 1507 (9th Cir. 1995) (voluntary dismissal without prejudice leaves a plaintiff "free to seek an adjudication of the same issue at another time"); *Hamilton,* 679 F.2d at 145 ("[T]he mere inconvenience of defending another lawsuit does not constitute plain legal prejudice."); *Westlands,* 100 F.3d at 97 ("Uncertainty because a dispute remains resolved is not legal prejudice."). Defendants' preclusion arguments are similarly unavailing.

Because Defendants have failed to demonstrate plain legal prejudice that

6

would result from this action being dismissed without prejudice, the Court grants Plaintiff's motion for voluntary dismissal without prejudice.

## III.   CONCLUSION

IT IS THEREFORE ORDERED THAT Plaintiff's motion to voluntarily dismiss without prejudice (ECF No. 151) is GRANTED.

Dated this 12th day of March 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE